**Mina HARDING, Appellant,**

v.

**Gene J. HARDING, Appellee.**

**No. 218.**

Supreme Court of Alaska.

Dec. 31, 1962.

See also 366 P.2d 128.

Neil S. Mackay, Anchorage, for appellant.

J. L. McCarrey, Jr., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This is an appeal by the wife, as defendant below, from a decree of the superior court granting the husband a divorce on grounds of incompatibility of temperament and awarding him the physical custody during school term of the two oldest children of the marriage, a boy age seven years and a girl age five. The wife received the sole physical custody of the third child, a girl age two and one-half years, until such time as that child should attain the age of five when the matter of her custody would be reconsidered by the court. The wife was also given summer vacation custody of the two older children. Reasonable rights of visitation with the children were accorded to both parents.

■ The wife first specifies as error the action of the trial court in permitting two lay witnesses, over her objection, to express their opinions as to which parent should be awarded the custody of the children. In each instance the witness testified that he felt the children would be better cared for by the father.[1] We find no prejudicial error in the admission of this opinion evidence, for the witnesses in question also testified to the facts upon which they based their inferences or opinions.[2]

The next error specified by the wife is that the trial court abused its discretion when it awarded the physical custody of the two older children to the father. It is her contention that, in a proceeding involving the custody of minor children, unless the mother is shown to be unfit, the children should be awarded to her, especially where they are of tender years. She does admit, however, that even then the welfare of the children is controlling, and we have previously so held.[3]

By statute it is the law in Alaska that in a divorce proceeding the court has the power to provide by decree "for the future care and custody of the minor children of the marriage as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise mani-

festly improper giving the preference to the party not in fault."[4] In Rhodes v. Rhodes[5] we ruled that the statute places a grave responsibility upon the court and at the same time gives it a broad discretion.

■ While, as a general rule the courts give the mother preference in awarding the custody of her children, if she is found to be a fit and proper parent, the rule is contingent upon "other things being equal" and subject to the discretionary power of the court to safeguard the best interests of the children.[6] In the instant case the court found the husband and the wife both to be "fit and proper parents to be awarded the joint custody and control of the minor children," but that the husband "is in a better position than the defendant [wife] to provide for the education of the two older children, and that it is best for such children that they be with their father during the school year."

In his oral opinion the trial judge pointedly stated:

"* * * it is my opinion that the fitness of either the mother or the father is just one more thing that the Court must take into consideration in determining what is going to be the best for the children. Now * * * if everything else were equal, with

---

1. The husband argues that it was not error to permit lay witnesses to express an opinion as to a parent's fitness to have custody of his children, because the rearing of children and what is for their best interests and welfare are subjects of very general knowledge, such as the speed of a car or the state of intoxication, concerning which any layman should be permitted to express an opinion.

2. For cases holding that the admission of an objectionable conclusion or opinion of a witness is harmless error where the fact thereby sought to be shown is established by other evidence which is proper, see Idemoto v. Scheidecker, 193 Cal. 653, 226 P. 922, 924–25 (1924); Padgett v. Padgett, 231 S.W.2d 207, 210 (Mo. 1950); Tyler v. Moore, 111 Or. 499, 226 P. 443 (1924). In Munson v. Munson, the Supreme Court of California held that in a proceeding by a husband to modify an annulment decree to award custody of

the child to him, admission of opinion evidence by witnesses who were acquainted with the husband that he was a good father and a fit and proper person to have the custody of his son was not prejudicial and commented in part: "The testimonies of the witnesses who stated opinions largely concerned observation by the witnesses of the conduct and character manifestations of the parties and to that extent was certainly not improper." 27 Cal.2d 659, 166 P.2d 268, 271 (1946).

3. Rhodes v. Rhodes, Opinion No. 83, 370 P.2d 902, 903 (Alaska 1962).

4. Section 56–5–13 First A.C.L.A.1949.

5. Note 3, supra.

6. See Wheeler v. Wheeler, 37 Wash.2d 159, 222 P.2d 400, 403–04 (1950); 2 Nelson, Divorce and Annulment § 15.09, at 232 (2d ed., rev. Vol. 2, 1961), and the numerous case authorities there cited.

children of so-called tender years, I would give the children to the mother. However, in my opinion in this case everything else is not equal * * * and I feel that it is my duty as Judge to do what seems to me best, in my discretion, for the welfare of the children, irrespective of fault of either party. * * * "[7]

■ It is evident from the foregoing remarks of the trial judge that he recognized the full measure of his responsibility to the parents and for the welfare of the children. It would have been helpful to this court if he had listed the subsidiary facts upon which he based his general finding that "everything else is not equal" and which impelled him to award the custody of the two older children to the father, but his failure to do so is not fatal in this case.[8] He did state that their education would be best served by placing them in the custody of the father. In spite of the wife's insistence to the contrary we have no difficulty in gleaning other factors from the record in support of the trial judge's general finding. For example: The father would provide more stability in monetary affairs and in home routine for the children; the children would have a better chance to assimilate into the society of their environment as the mother kept mainly to her na-

tional Mexican circles; and the mother was more apt to leave the children in the custody of others in the evenings instead of caring for them herself. Thus, we are provided with a full understanding of the question presented and a basis for the decision.[9]

■ No one can reasonably deny that minor children need a mother and a father to afford them a complete childhood. Both parents realized this in the case under consideration, and so did the trial court. But, since the parties had resolved to go their separate ways and the physical custody of the children could not be awarded to them simultaneously, the court looked to the welfare of the children and made what it considered to be a wise and just award of custody under the particular circumstances of this case. The fact that the award of custody was based upon extremely conflicting evidence does not of itself show an abuse of discretion.[10] We find ample evidence in the record to support the ultimate finding and conclusion of the trial court pertaining to the award of custody of the two older children to the husband and conclude that the trial court did not abuse its discretion in that respect.

■ The only other error specified by the wife is that the trial court erred as a

7. It would seem from the last phrase of the quoted remarks of the trial judge, appearing in the text above, that he was making the award "irrespective of the fault of either party." That he could do under section 56–5–13 First A.C.L.A.1949 only if it would have been manifestly improper to do otherwise. However, the judge could not have actually meant what he said, because he had already declared that both parents were fit to have custody of the children and that under such circumstances he would have given the custody to the mother if all other things had been equal.

8. See Rossiter v. Vogel, 148 F.2d 292 (2d Cir. 1945), in which the court observed: "But since the judge's view is quite clear, as was also the evidence, we see no occasion to return the case for more findings. For findings 'are not a juris-

dictional requirement of appeal,' but only 'aid appellate courts in reviewing the decision below'; and defects therein may be waived where 'the error is not substantial in the particular case.'"

9. "The ultimate test as to the adequacy of findings is whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence." 5 Moore, Federal Practice para. 52.06 [1], at 2656 (2d ed. 1951). See also Spenard Plumbing & Heating Co. v. Wright, Opinion No. 81, 370 P.2d 519, 525–26 (Alaska 1962); Merrill v. Merrill, Opinion No. 62, 368 P.2d 546, 548 (Alaska 1962).

10. Cf. Chirikoff Island Cattle Corp. v. Robinette, Opinion No. 85, 372 P.2d 791, 794 (Alaska 1962).

matter of law when it "hung its whole decision" as to custody upon the one bit of evidence that she kept the five year old girl out of a nursery school for one week. The wife bases this claim of error upon a comment of the trial court which she quotes from his oral opinion as follows:

"Now, what I am going to do in this case is somewhat unusual * * *. The husband is to have the physical custody of the two oldest children * * * during the school period. The wife may have them in the summertimes * * *. *I am convinced, from the evidence that we have here and particularly the statement which was made which was never denied, that the wife had arranged to keep the second child, the oldest daughter, out of school for a period of approximately a week,* that the husband is probably in a better position than the wife to see that the children get their education * * * *that is the reason that I am taking the particular tactic that I am taking here.* Now, in saying that, I haven't overlooked the fact that this youngest child is not actually in school, she is only in kindergarten school, and probably a week's absence from school didn't hurt her particularly * * *." [Emphasis hers.]¹¹

It is significant that the wife has omitted from the foregoing quotation the court's remark that keeping the child in question out of school for approximately a week "ties in with many, many other things in this case." Furthermore, the trial court went on to say in its oral opinion:

"But looking at the entire picture—looking at the parties, looking at their background, I think that the children would be best with their father during the school years, and that is largely the reason that I have taken the position that I have here concerning actual physical custody. * * *"

From this state of the record, it is quite apparent to us that far more than the action of the mother in keeping one of the children out of kindergarten or nursery for one week was taken into consideration by the trial court in awarding the custody of the older children to the husband during the school year. The wife's claim of error on this point is without merit.

Judgment affirmed.

11. There are several minor errors in the quotation as given by the wife in her brief, but they do not affect the substance of the quotation.