Bruce William COOKE, Appellant,

v.

Katherine Jewel COOKE, Appellee.

No. 4581.

Supreme Court of Alaska.

Jan. 30, 1981.

Max F. Gruenberg, Jr., and Robert D. Frenz, Anchorage, for appellant.

Lloyd I. Hoppner, Rice, Hoppner, Ingraham & Brown, Fairbanks, for appellee.

---

Before RABINOWITZ, C. J., CONNOR and MATTHEWS, Justices, and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

The issue in this divorce case involves the division of the equity in an apartment building and house, the major assets belonging to the Cookes. After a bench trial in July, 1978, the judge issued an order awarding the property entirely to Mrs. Cooke. Mr. Cooke has appealed, contending that numerous factual findings of the trial court are clearly erroneous and that the judgment should be set aside. Although there appear to be some factual errors in the judge's findings, we do not believe that when the record is viewed as a whole the judgment of the court was mistaken. Consequently, we affirm the property award. Nevertheless, we no not believe attorney's fees should have been awarded to Mrs. Cooke.

Mr. and Mrs. Cooke were married in 1967. Mrs. Cooke was then 43, Mr. Cooke was 42. Both of them are in good health. They have not had any children.

Mr. Cooke brought $40,000 into the marriage, but despite his good health, he worked only seven weeks during the first six years of the marriage and on three intermittent occasions in managing motels with Mrs. Cooke thereafter. He claimed he was "semi-retired." From 1973 through 1975, Mr. and Mrs. Cooke jointly earned approximately $11,500 as motel managers.[1] Mr. Cooke's share would thus be about $5,750, bringing his total contribution to the marriage to about $45,750.

Mrs. Cooke, on the other hand, has worked fairly steadily throughout the marriage. Before they arrived in Alaska, she worked as a bookkeeper in Florida. Although Mrs. Cooke took some portion of each year off, she estimated that she worked the equivalent of about four years out of the six years that she and Mr. Cooke lived on the East Coast. Her bookkeeping job paid $550 a month, so her total earnings during this period were probably around $26,000. She realized $6,000 on a house she sold in Florida.[2] After arriving in Alaska in 1973, she earned half of the $11,500, or $5,750, that she made with Mr. Cooke as a motel manager, and an additional $800 managing a motel by herself. Between the fall of 1975 and 1977, she made over $50,000 working for Fluor Alaska, Inc., and another $6,700 at another job in Fairbanks during 1977. Thus, without consideration of income taxes, Mrs. Cooke's contribution to the marriage has been about $95,250, or about $50,000 more than Mr. Cooke's contribution.

The court found that Mr. Cooke had greater earning capacity than Mrs. Cooke. Since he has a real estate salesman's license, operated several businesses prior to the marriage, and Mrs. Cooke's vocation is bookkeeping, this finding is not clearly erroneous.

The house and apartments have an estimated value of $110,000. The outstanding indebtedness on the property is about $80,000, so the equity in the property is about $30,000. There was some $18,000 in value of personal property which was distributed by agreement, $10,000 to Mrs. Cooke and $8,000 to Mr. Cooke. Under all of the foregoing circumstances, we do not find it an abuse of discretion to award the entire amount to Mrs. Cooke.

Had Mr. Cooke made substantial nonmonetary contributions in excess of those made by Mrs. Cooke, we would hesitate to sustain the award. The trial judge, however, was unimpressed with Mr. Cooke's contributions in this regard and we cannot

1. They earned $2,500 in 1973, $5,871 in 1974, and $3,800 in 1975. The trial judge stated that they earned $55,871.50 jointly in 1974. This seems to be an obvious typographical error.

2. The trial court concluded that Mrs. Cooke brought $40,000 "into the marriage." It is not clear what period this refers to, but there is no evidence that Mrs. Cooke brought this amount initially into the marriage. However, she contributed about $95,000 while the parties were married, as discussed in the text.

say his finding was erroneous. Mrs. Cooke apparently continued to do housework even while working long hours at a pipeline-related job. Mr. Cooke was not responsible for taking care of any children. Consequently, although Mr. Cooke did help with household chores, we conclude the court's award is justified and we affirm the award of the property to Mrs. Cooke.

Nevertheless, we must vacate that portion of the judgment relating to costs and attorney's fees, as we find that the superior court abused its discretion in awarding these items to Mrs. Cooke. In *Burrell v. Burrell*, 537 P.2d 1, 7 (Alaska 1975), we held that cost and fee awards in a divorce are not to be based on the prevailing party concept, but primarily on the "relative economic situations and earning powers" of the parties. Here, while Mr. Cooke has a somewhat greater earning potential than Mrs. Cooke that potential had not been realized at the time of the trial. Mrs. Cooke, on the other hand, is much better off economically than her former husband. There do not seem to be any other factors that would justify taxing Mr. Cooke with Mrs. Cooke's litigation expenses. We see no reason why each party should not bear his and her own costs and attorney's fees. *See Johnson v. Johnson*, 564 P.2d 71, 76–77 (Alaska 1977), *cert. denied*, 434 U.S. 1048, 98 S.Ct. 896, 54 L.Ed.2d 800 (1978).

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

BURKE, J., not participating.