754 P.2d 262 (1988)
L.L.M., Appellant,
v.
P.M., Appellee.
No. S-1901.
Supreme Court of Alaska.
May 13, 1988.
*263 William T. Ford, Holly B. Leinweber, Law Office of William T. Ford, Anchorage, for appellant.
Thomas A. Miller, Fairbanks, for appellee.
Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION
MATTHEWS, Justice.
The parties, L.L.M. (father) and P.M. (mother), have two children. The parties divorced, and the father was awarded custody of the children with visitation rights to the mother. Under a supplemental order, the mother was given visitation rights of six to eight weeks each summer. The parties were to agree on the details.
In the spring of 1986 the mother, who lives in Seattle, attempted to arrange the details of visitation with the father, who lives in Anchorage. The father refused, citing concerns about the mother's drinking problems and alleged open sexual activity. The mother then moved for an order directing the father to transport the children immediately to Seattle for their summer visit.
A hearing was held on the motion on June 24, 1986 before the Standing Master. The Master suggested that the parties settle the matter by allowing visitation to begin immediately, conditioned on the mother's agreement that she would not drink alcohol, that she would attend Alcoholics Anonymous meetings each week and submit proof of attendance to the court, and that she would not engage in any sexual activity in front of the children. This was agreed to by the parties and an order was entered.
The mother moved for attorney's fees and costs in connection with the motion. Over opposition an award of $1,114.54 in fees and costs was granted to the mother. The father appeals.
Three points are presented on appeal:
1. The Master erred by excluding evidence relevant to the issue of summer visitation at the June 24th hearing;
2. The Master erred because he did not consider the best interest of the children relative to the issue of summer visitation at the June 24th hearing; and
3. The trial court erred in awarding the mother attorney's fees and costs.
The first two points obviously lack merit, since the issue of summer visitation was resolved by the parties' agreement at the June 24th hearing. A party may not challenge on appeal an order that he has agreed to in the trial court. Reimer v. Davis, 224 Kan. 225, 580 P.2d 81, 84 (1978); Deason v. Lewis, 706 P.2d 1283, 1286 (Colo. App. 1985); Miller v. Atkinson, 365 P.2d 550, 553 (Alaska 1961) (rule recognized by implication). Thus, the only question requiring review is whether the court erred in awarding the mother costs and attorney's fees.
Partial attorney's fees are awarded as a matter of course under Civil Rule 82 to the prevailing party. Civil Rule 82, however, does not apply to judgments in divorce cases. In such cases costs and fees are based on the "relative economic situations and earning powers" of the parties, *264 rather than on a prevailing party determination. Cooke v. Cooke, 625 P.2d 291, 293 (Alaska 1981) (quoting Burrell v. Burrell, 537 P.2d 1, 7 (Alaska 1975)); Lone Wolf v. Lone Wolf, 741 P.2d 1187, 1192 (Alaska 1987). Thus, when the parties' economic status is generally equal, it is ordinarily error to make any award of costs or fees. Jones v. Jones, 666 P.2d 1031, 1035 (Alaska 1983); Cooke, supra.
The divorce judgment exception to Civil Rule 82 is based on a broad reading of AS 25.24.140(a)(1),[1]Burrell v. Burrell, 537 P.2d 1, 6 (Alaska 1975), and on the reality that there usually is no prevailing party in a divorce case. Cooper v. State, 638 P.2d 174, 180 (Alaska 1981).
In the present case the trial court held that the "prevailing party standard" rather than the divorce judgment exception to Civil Rule 82 governed, noting that this was a post-judgment matter and citing O'Link v. O'Link, 632 P.2d 225 (Alaska 1981). However, the award was of actual reasonable[2] fees rather than a partial award of reasonable fees as prescribed by Civil Rule 82.
The father argues that Civil Rule 82 should not govern post-judgment custody and visitation disputes. He also contends that if Civil Rule 82 does apply, the award was erroneous because there was no prevailing party and because the award was for full rather than partial fees. The mother argues that the award was properly made under Civil Rule 82, citing O'Link; and that the full award can be justified because the father did not act in good faith.
In O'Link v. O'Link, 632 P.2d 225 (Alaska 1981), we held that "when a party seeks modification of an arrearages judgment and of the property division in the divorce decree, the award of costs and attorney's fees is appropriately made under Civil Rule 82." Id. at 231 n. 15. O'Link is not dispositive, however, since it dealt with money and property issues rather than issues concerning visitation and custody. In our view it is inappropriate to use Civil Rule 82 with respect to the latter issues because of the chance that actions which are reasonable and taken in good faith to protect the best interests of children might be deterred by the possibility of large awards of attorney's fees. Further, we do not believe that the divorce judgment exception to Civil Rule 82 should govern because the statute on which the exception is based is limited by its terms to the pendency of the divorce action while here we are concerned with post-judgment modification and enforcement motions. Moreover, in such actions, unlike those for divorce, there often is a party who clearly has prevailed. See Cooper v. State, 638 P.2d 174, 180 (Alaska 1981) (post-judgment motion for modification of custody: "one party clearly has prevailed").
In fashioning an appropriate standard we take guidance from AS 25.24.300 which states in part:

Action for failure to permit visitation with minor child. (a) When a court order is specific as to when a custodian of a minor child must permit another person to have visitation with that child, and the custodian fails, willfully and without just excuse, to permit visitation with the child in substantial conformance with the court order, the person entitled to visitation has a separate cause of action against the custodian for damages. (b) The amount of damages recoverable under this section is $200 for each failure of the custodian, willfully and without just excuse, to permit visitation with the child for substantially the length of time and substantially in the same manner as specified in the court order. This amount may not be increased or decreased once liability has been established. The custodian is not liable for more than one failure in respect to what is, under the court order, a single continuous period of visitation. The prevailing party in an action commenced under *265 this section is entitled to recover a reasonable attorney fee... .
(Emphasis added).
The statutory standard of "willfully and without just excuse" appears appropriate in determining the question of attorney's fees after a motion to amend or enforce a custody or visitation order is adjudicated. In that way the unsuccessful party who reasonably, and in good faith, believes that his or her action was justified by the best interests of the children will not be deterred from action by the possibility of an award of fees and costs.[3] On the other hand, the possibility of an award against a litigant who has not acted reasonably and in good faith may have a deterrent effect, and in any event will compensate the successful party. In addition, there seems to be no reason why an award of attorney's fees in an action which is merely for the enforcement of visitation rights should be governed by a different standard than an award of fees in an action under AS 25.24.300 for damages for violating the terms of a visitation order. The underlying objective of both actions is the same, compliance with the court's visitation orders.
We interpret the term "a reasonable attorney fee" as set out in AS 25.24.300(b) to mean full, rather than partial, fees. Interpreting the term to mean merely partial fees would be inconsistent with the generally applicable rule that vexatious or bad faith conduct on the part of a litigant will justify an award of full fees against that litigant. Horton v. Hansen, 722 P.2d 211, 218 (Alaska 1986).
Since the trial court's award of costs and fees was based on the inappropriate prevailing party standard of Civil Rule 82, rather than on a determination that the father had willfully and without just excuse failed to permit visitation, the award of attorney's fees is REVERSED and this case is REMANDED for a determination of attorney's fees and costs in accordance with this opinion.
RABINOWITZ, C.J., dissents.
RABINOWITZ, Chief Justice, dissenting.
For the reasons expressed by the majority, I agree that both the Civil Rule 82 "prevailing party" standard and the divorce judgment exception are inappropriate standards for determining the question of attorney's fees in connection with motions to amend or enforce child custody orders. However, I cannot agree that attorney's fees may be awarded only where one party acts "willfully and without just excuse." In my view this standard will discourage good faith motions by non-custodial parents who lack adequate funds, at the potential expense of the best interests of minor children. Since none of the three standards suggested is appropriate in all cases, I would accord the trial court broad discretion to award full or partial attorney's fees, taking into consideration each of the three standards: the extent to which each party prevailed, the financial resources of the parties, and good faith.
NOTES
[1] AS 25.24.140(a)(1) provides:

(a) During the pendency of the action, the court may provide by order
(1) that one spouse pay an amount of money as may be necessary to enable the other spouse to prosecute or defend the action;
[2] The court awarded the fees incurred by the mother, except for one hour of time spent by counsel traveling to Anchorage, noting that "she could have sought an Anchorage attorney at the same rate... ."
[3] Since a good faith movant will not be subject to attorney's fees under this standard, we do not understand the statement in the dissenting opinion that this "will discourage good faith motions by non-custodial parents... ."