Ben L. HILLIKER, Appellant,

v.

Virginia D. HILLIKER, Appellee.

No. S–1505.

Supreme Court of Alaska.

Oct. 11, 1988.

See also, Alaska, 755 P.2d 1111.

Sema E. Lederman, Kenneth P. Eggers, Groh, Eggers & Price, Anchorage, for appellant.

Max F. Gruenberg, Jr., Gruenberg & Clover, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

### ORDER

This court awarded attorney's fees of $750.00 to appellant Ben L. Hilliker at the same time that it filed the opinion in this case. This award was made pursuant to Appellate Rule 508(e). The award was intended to partially compensate Ben for the attorney's fees which he expended on the appeal and was made because he was the prevailing party on appeal. In addition, the clerk notified the parties that Ben was entitled to recover costs. Subsequently, Ben filed a cost bill seeking $2,363.00. Virginia Hilliker filed opposition to the costs and to the attorney's fee which had been awarded.

Virginia does not dispute the particular costs sought. Instead, she argues that costs and attorney's fees should not, as a matter of course, be awarded to the prevailing party in a divorce appeal. She contends that just as the prevailing party concept of Civil Rule 82 has been rejected as a basis for awarding attorney's fees and costs at the trial level, the same concept in Appellate Rule 508(e) should also be rejected. Virginia maintains that the standard for awarding attorney's fees and costs after a divorce trial, which entails a review of the parties' relative economic status and requires the party who is better able to afford costs and attorney's fees to pay them, should be employed on appeal.

We have treated Virginia's opposition as a motion for reconsideration of the clerk's award under Appellate Rule 508(f)(2) which states in relevant part:

(f) Procedure.

. . . .

(2) Promptly after expiration of the time for filing objections, the clerk shall issue an itemized award of costs. A party aggrieved by the clerk's action in awarding costs under subsection (f)(1) of this rule or attorney's fees under subsection (e) of this rule may file a motion for reconsideration of the clerk's award, which motion will be determined by an individual justice or judge.

Ordinarily such motions are considered by an individual justice. However, in this case the full court has considered the motion by referral under Appellate Rule 503(g).

We have decided that our present practice of awarding partially compensatory attorney's fees to the prevailing party on

appeal should be continued. The divorce judgment exception to Civil Rule 82 is based on a broad reading of AS 25.24.-140(a)(1). *L.L.M. v. P.M.*, 754 P.2d 262, 264 (Alaska 1988); *Burrell v. Burrell*, 537 P.2d 1, 6 (Alaska 1975). In a divorce trial, a divorce is nearly inevitable, and thus there is often no clear winner. *Cooper v. State*, 638 P.2d 174, 180 (Alaska 1981). However, there is nothing inevitable about the result of a divorce appeal and ordinarily the prevailing party can be identified with ease. Partially compensatory attorney's fees awarded on appeal are usually in the range of $500 to $1,000. An award in this relatively nominal range is seldom sufficient to disturb the underlying economic status of the parties. The present policy is easy to administer and, insofar as it rewards the prevailing party and imposes a cost on the party who does not prevail, is in accordance with the general theory and tradition of awarding costs and attorney's fees in Alaska. *McDonough v. Lee*, 420 P.2d 459 (Alaska 1966) (*citing* original Act of Congress of June 6, 1900, allowing attorney's fees to prevailing party in Alaska).

Conversely, the result sought by Virginia, which would ordinarily be to award costs and attorney's fees to the economically less advantaged party regardless of whether that party wins or loses on appeal, seems wrong since such a rule would result in paying a party for taking meritless positions.

We reject Virginia's contention that AS 25.24.140(a)(1) applies to attorney's fees on appeal. That statute is most logically read as applying only to interim pre-judgment orders. Although the statute has been extended to post-judgment awards of attorney's fees for trial services, *Houger v. Houger*, 449 P.2d 766, 772 (Alaska 1969), this has been done largely for policy reasons, *L.L.M. v. P.M.*, 754 P.2d 262, 264

(Alaska 1988), and neither the statute nor its implicit policy extends to appeals.

For the above reasons, Virginia's opposition to costs and attorney's fees on appeal, which has been treated as a motion to reconsider, is DENIED.

RABINOWITZ, Justice, dissenting.

Appellate Rule 508(e) provides that "Attorney's fees may be allowed in an amount to be determined by the court." In *Kodiak Western Alaska Airlines v. Bob Harris Flying Service*, 592 P.2d 1200 (Alaska 1979), we held that this court has the discretion to award attorney's fees or not to award them.[1] *Id.* at 1205. In the case at bar I would deny any award of costs or attorney's fees under our discretionary authority provided for in Appellate Rule 508(d) and (e).

In my view there is merit in Virginia's position that costs and attorney's fees should not, as a matter of course, be awarded to the prevailing party in a divorce appeal. In the instant case, it is unfair to award $2,363.00 in costs and $750.00 in attorney's fees against Virginia, who was not the appellant; rather she was forced to defend the superior court's judgment because of the prevailing party's appeal.[2] This unfairness is manifest in light of the fact that Virginia presented defensible arguments in support of the superior court's judgment.

I think it sufficient for purposes of resolution of the motion for reconsideration to conclude that upon consideration of (1) the issues presented in the merit appeal, (2) the degree to which either party prevailed, (3) the economic needs of the parties, and (4) the absence or presence of good faith, no costs or attorney's fees should be awarded Ben against Virginia under our discretionary authority provided for in Appellate

---

1. In regard to the matter of costs on appeal our Appellate Rules vest this court with similar discretion. In this regard Appellate Rule 508(d) states in part: "When costs are awarded in the appellate court, they shall include, *unless the*

*court otherwise orders, . . . .*" (emphasis supplied).

2. A total award of $3,113.00 in costs and attorney's fees can hardly be characterized as nominal.

Rule 508(d) and (e).[3]

---

**3.** This conclusion seems particularly appropriate in light of the court's disposition of the primary appeal. Our remand could leave Virginia with less than one-half of the marital property, an annual income of less than one-fifth of Ben's, and the possibility that she will be required to sell the family home.