**Don KESSLER, Appellant,**

v.

**Linda KESSLER, Appellee.**

**No. S–3936.**

Supreme Court of Alaska.

March 20, 1992.

Cheri C. Jacobus, Ross, Gingras & Miner, and Kenneth Jacobus, Anchorage, for appellant.

Helen L. Simpson, Simpson & Thompson, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

### I

■ This appeal arises out of a child custody determination. We will reverse a trial court's custody modification decision only if "the record shows an abuse of discretion or if controlling factual findings are clearly erroneous." *McClain v. McClain,* 716 P.2d 381, 384 (Alaska 1986) (quoting *Gratrix v. Gratrix,* 652 P.2d 76, 79–80 (Alaska 1982)). Such abuse of discretion may occur when, in reaching its decision, the trial court considers improper factors, fails to consider statutorily mandated factors, or gives too much weight to some factors. *S.N.E. v. R.L.B.,* 699 P.2d 875, 878 (Alaska 1985).

Here, there was no abuse of discretion. The trial court properly weighed the statutory factors set forth in AS 25.24.150 (1991) and resolved the conflicts in the evidence in favor of the appellee. "It is the trial court's function, and not that of a reviewing court, to judge the credibility of the witnesses and to weigh conflicting evidence. This is especially true where the trial court's decision depends largely upon oral testimony." *Penn v. Ivey,* 615 P.2d 1, 3 (Alaska 1980) (citation omitted). Moreover, substantial conflicts in the evidence, do not alone establish an abuse of discretion. *Harding v. Harding,* 377 P.2d 378, 380 (Alaska 1962).

### II

■ The trial court awarded $7,000 to

Linda, for her attorney's fees and costs.[1] Don argues that the court erred in making the award because he brought his modification action in good faith to protect his son's best interests.

In *L.L.M. v. P.M.*, 754 P.2d 262 (Alaska 1988), we established the standard which now governs awards for attorney's fees incurred in prosecuting or defending motions to modify or enforce custody and visitation orders. Guided by the standard in AS 25.20.140 (formerly AS 25.24.300),[2] we held that attorney's fees should only be awarded against a party who brings such an action "willfully and without just excuse." *Id.* at 264–65. In our effort to strike a proper balance, we observed:

> [T]he unsuccessful party who reasonably, and in good faith, believes that his or her action was justified by the best interests of the children will not be deterred from action by the possibility of an award of fees and costs. On the other hand, the possibility of an award against a litigant who has not acted reasonably and in good faith may have a deterrent effect, and in any event will compensate the successful party.

*Id.* at 265.

In the case at bar, although the trial court did not explicitly find that Don's action was willful or in bad faith, the reasons given for the award clearly demonstrate that the court was applying the proper standard.[3] Therefore, the only question is whether the record supports the implicit finding of bad faith.[4]

It is undisputed that Don took the parties' child to the state of Washington without notifying his ex-wife, the boy's mother. However, the record indicates that he did so on the advice of counsel, because there was an ongoing Washington custody hearing in which the mother had earlier agreed to participate. Don's past conduct, while relevant, is not dispositive on the question whether his present action was undertaken in bad faith. And, in light of the other circumstances in the case, we conclude that his act of taking the boy out of state is insufficient evidence that he undertook this modification action willfully and without just excuse.

The trial court also cited Don's hostility towards Linda in its award of attorney's fees. It is abundantly clear that there is great hostility on both sides. This, however, does not necessarily mean that Don brought the modification action in bad faith. The record, in fact, leaves us with no doubt that Don genuinely believed and continues to believe that his son's welfare will be better protected if he is awarded physical custody.

Finally, we are unable to find support for the trial court's conclusion that Don's motion was completely unjustified. Don's arguments and the evidence he presented were not without merit. Witness Janet Graham's allegations of drug abuse by the mother, as well as the mother's physical abuse of the boy's half-sister, Angie, are quite serious. If one believes Graham's testimony, the boy's interests might well be better served by a change of custody. This, at least, was the conclusion reached

---

**1.** Although Don cites and attempts to challenge an award for attorney's fees made and entered on March 13, 1989, he did not file a notice of appeal until May 1, 1990 (after his motion for change of custody was denied). His challenge of the earlier award is, therefore, time-barred. *See* Alaska R.App.P. 218(d). The only attorney's fee award considered in this appeal is the award of $7,000, entered on May 29, 1990.

**2.** AS 25.20.140 (1991) provides in part:
Action for failure to permit visitation with minor child. (a) When a court order is specific as to when a custodian of a minor child must permit another person to have visitation with that child, and the custodian fails, willfully and without just excuse, to permit visita-

tion with the child in substantial conformance with the court order, the person entitled to visitation has a separate cause of action against the custodian for damages.

**3.** Judge Carlson wrote:
[t]he reasoning behind this award is the actions of the defendant in removing the child to the State of Washington, his attitude of hostility toward the plaintiff and the lack of grounds for his actions.

**4.** Since the good faith determination is a factual finding, an abuse of discretion standard of review is appropriate. *See Nelson v. Jones*, 781 P.2d 964, 971 (Alaska 1989).

by the guardian ad litem who was appointed to protect the boy's best interests.

In *Wanamaker v. Scott*, 788 P.2d 712, 715–16 (Alaska 1990), we reversed an award of attorney's fees in a custody modification proceeding after reviewing the record and finding little evidence of vexatious or bad faith conduct on the part of the nonprevailing parent. In *Wanamaker*, the trial court changed custody from the father to the mother and awarded attorney's fees to the mother after finding that the father had " 'engaged in bad faith and vexatious conduct in his attempts to retain custody' of his daughter." *Id.* at 715. We concluded that an award of attorney's fees

> would run counter to the rationale we adopted in *L.L.M.*, that a party who reasonably and in good faith believes his or her actions are justified by the best interests of the child should not be deterred from taking appropriate action by the possibility of an award of attorney's fees and costs.

*Id.* at 716. We draw the same conclusion in the present case.

AFFIRMED in part and REVERSED in part.

RABINOWITZ, Chief Justice, dissenting.

I would reverse the superior court's custody modification decision. Review of the record persuades me that the superior court's controlling factual findings are clearly erroneous and that the court abused its discretion in making its best interest child custody determination.

The core of the superior court's custody decision is found in the following portion of its Memorandum of Decision where it is stated:

> I cannot discern an adverse impact on Zachary by his mother and Mr. W.'s [Zachary's step father] relationship with ... [Zachary's half sister], the use of marijuana in the home, socializing in

roadhouses, and the continuing dispute between the parties for which each party bears some responsibility.

Don Kessler introduced sufficient evidence demonstrating a change of circumstances justifying a redetermination of Zachary's custody. *See* AS 25.20.110. Here the evidence shows that Linda left the State of Alaska with Zachary, then returned to Alaska, and has moved frequently since her return to Alaska, that Linda and her husband have engaged in drug and alcohol abuse in Zachary's presence, and that Linda's husband physically abused Zachary's half sister.

Furthermore, I am of the view that the superior court improperly weighed the relevant AS 25.24.150 factors in making its best interest child custody determination. There is ample evidence that Linda failed to exercise adequate supervision over Zachary, that Linda and her husband frequently used marijuana and alcohol in Zachary's presence, and that there was physical violence on the part of Linda's husband against Zachary's half sister.[1]

---

1. In his report, the guardian ad litem concluded in part:

> I recommend that custody of Zakary [sic] be transferred to Mr. Kessler. Zakary does not want this to occur. However, I feel that Zak is currently being raised in an environment where drug usage is permitted and alcohol is abused. His mother is actively disparaging his father and programming the child against his father. His step sister has been physically abused in that environment.