Virginia D. HILLIKER,
Appellant/Cross–
Appellee,

v.

Ben HILLIKER, Appellee/Cross–
Appellant.

Nos. S–4284, S–4336.

Supreme Court of Alaska.

April 10, 1992.

Benjamin O. Walters, Jr., Anchorage, for appellant/cross-appellee.

Sema E. Lederman, Hansen & Lederman, Anchorage, for appellee/cross-appellant.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

█ Civil Rule 82 governs the award of attorney's fees in most civil cases. Under the rule, an award of fees is made in favor of the prevailing party as a matter of course. Attorney's fees awarded under Civil Rule 82 are intended to be reasonable, partial compensation for the attorney's fees expended by the winning party. *Wise Mechanical Contractors v. Bignell*, 718 P.2d 971, 973 (Alaska 1986). Awards of attorney's fees in divorce cases are not governed by Civil Rule 82. Such awards are made to the party who is in greater need economically, not necessarily to the prevailing party, *L.L.M. v. P.M.*, 754 P.2d 262, 263–4 (Alaska 1988), and they may be fully compensatory.[1] They are not limited

---

1. Many of our cases cite AS 25.24.140(a)(1) which states:

    During the pendency of the action, a spouse may, upon application and in appropriate circumstances, be awarded expenses, including (1) attorney fees and costs that reasonably approximate the actual fees and costs required to prosecute or defend the action; ...

Although we have recognized that this statute "is most logically read as applying to interim prejudgment orders," *Hilliker v. Hilliker*, 768 P.2d 115, 116 (Alaska 1988), it has been applied to post-judgment awards of attorney's fees for trial services. *Id.; Houger v. Houger*, 449 P.2d 766, 772 (Alaska 1969). Thus, the actual fees stan-

by the Rule 82 partially compensatory standard. Costs, like attorney's fees,[2] are awarded to the economically less advantaged divorce litigant. *Johnson v. Johnson*, 564 P.2d 71, 76–77 (Alaska 1977). The main question in this case is whether the amount of costs for reimbursement of expert witnesses in divorce cases are governed by the limitations of Administrative Rule 7(c)[3] or whether full reasonable costs may be awarded.

■ We hold that the limitations of Administrative Rule 7(c) should not apply to costs in divorce cases for the same reasons that attorney's fees in divorces are not limited by the partial compensation standard of Civil Rule 82. These reasons are that there is usually no prevailing party in a divorce, *Hilliker*, 768 P.2d at 116, and both parties should be able to present a case or defense regardless of their differing economic circumstances.[4] These reasons apply as fully to costs as to attorney's fees. Further, AS 25.24.140(a)(1) explicitly mentions "actual" costs as well as attorney's fees. Thus we conclude that costs in divorce cases should be treated like attorney's fees: both are exempt from the requirement that they be awarded in favor of the prevailing party, and both are exempt from the various limitations in amount prescribed by the rules applicable to general civil actions.

In the present case the trial court concluded correctly that Administrative Rule 7(c) does not apply to witness costs in divorce cases and awarded Virginia Hilliker $5,000 of $9,200 incurred for accounting fees. Ben Hilliker's cross-appeal contends that Administrative Rule 7(c) should have further limited the award. For the reasons expressed above, we find this position to be without merit.

■ Virginia Hilliker contends that the award was insufficient. The trial court considered that the full amount of the bill was not reasonable and necessary and that it reflected to some extent a duplication of efforts by two accountants.[5] This determination was well within the discretion of the trial court. Thus we reject Virginia's contention as well.

For the above reasons the judgment is AFFIRMED.

RABINOWITZ, C.J., dissents in part.

RABINOWITZ, Chief Justice, dissenting in part.

I agree with the court's holding that Administrative Rule 7(c) is inapplicable to witness costs in divorce cases. My disagreement is with the court's holding that the superior court did not abuse its discretion in awarding Virginia Hilliker $5,000 of the $9,200 she incurred for accountant expert witnesses' fees. Given Virginia's status of an "economically less advantaged divorce litigant," and the reason for the

---

dard of the statute has been adopted by case law in a post-judgment trial setting.

2. Under Alaska law, attorney's fees are usually considered to be a category of costs. AS 09.60.-010; *State v. University of Alaska*, 624 P.2d 807, 817 (Alaska 1981).

3. Administrative Rule 7(c) states in relevant part that "[r]ecovery of costs for a witness called to testify as an expert is limited to the time when the expert is employed and testifying and shall not exceed $50.00 per hour."

4. This is implicit in AS 25.24.140(a)(1).

5. Virginia Hilliker's accountant, Michael Morgan, was deposed on October 25, 1988, a week before trial was to begin. The deposition was not productive because, as Morgan testified, he had followed his client's instructions not to "do any calculations until just before the trial date." A few days later Morgan was called out of town

because of the death of his father. Virginia moved for a continuance and instructed Morgan's partner, Kevin Van Nortwick, to prepare to testify in case the continuance was not granted. Ben Hilliker opposed the motion. The motion to continue was heard on the morning of the first day of trial. The trial court denied it but ruled that Morgan's testimony could be taken out of order when he returned to Anchorage. Thereafter, the accounting firm's billings reveal that both Morgan and Van Nortwick worked on the case. The duplication of effort that occurred may not be solely ascribed to Ben's refusal to consent to a continuance. Once Van Nortwick agreed to work on the case, it is unclear why Morgan should have participated as well. Moreover, Morgan's deposition could have been used in his absence except for Virginia's tactical request to Morgan that he not prepare until after the deposition was taken.

duplication of services by accountants [1] (Ben's refusal to agree to a continuance upon the death of Virginia's accountant's father which necessitated the hiring of a substitute accountant—expert witness), I conclude that the superior court abused its discretion in failing to award the full $9,200 in claimed reasonable and necessary accounting fees.

---

1. In regard to Virginia's "tactical" request to Michael Morgan that he not prepare until after the deposition was taken, the superior court suggested that there was an innocent motive for this instruction. The trial court viewed the instruction as an attempt by Virginia to limit her costs until litigation was inevitable.