NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| EDWARD H., | ) | |
| | ) | Supreme Court No. S-19072 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-17-06859 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| SARAH B., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2095 – June 4, 2025 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Yvonne Lamoureux, Judge.

Appearances: Edward H., pro se, Anchorage, Appellant. Notice of nonparticipation filed by Kara A. Nyquist, Nyquist Law Group, Anchorage, for Appellee.

Before: Carney, Borghesan, Henderson, and Pate, Justices. [Maassen, Chief Justice, not participating.]

## I.    INTRODUCTION

A father of two children appeals the superior court's denial of his motions to modify custody and child support. We see no error in the superior court's procedural rulings or its merits ruling that the father failed to show a substantial change in circumstances that would justify changing the existing custody and support orders. Therefore, we affirm the superior court's judgment.

---

\*        Entered under Alaska Appellate Rule 214.

## II. FACTS AND PROCEEDINGS

### A. Previous Custody Disputes

Edward H. and Sarah B. have two daughters.[1]  Since divorcing in 2018, Edward and Sarah have litigated custody several times.  Communication between the parents is difficult, and the superior court has described the situation as a "high conflict case."

Custody has been modified several times.  Initially, Edward and Sarah had joint legal custody and shared physical custody of their daughters.  In November 2019 the court awarded Edward primary physical custody due to Sarah's struggles with alcohol.  Two months later the court put in place a staged transition to increase Sarah's visitation with the children based on the length of her sobriety.

This arrangement remained in place until November 2020, after Edward was accused of improper corporal discipline of the older daughter.  The court issued short-term and long-term domestic violence protective orders.  Sarah was awarded sole physical custody of the older daughter and sole legal custody to decide whether corporal punishment should be used by either parent.

In October 2021 the superior court found that another custody modification was warranted based on "the parties' lack of cooperation, together with their inability to make decisions jointly," and awarded sole legal custody and primary physical custody of both children to Sarah.  The court also found that a domestic violence presumption under AS 25.24.150(g)-(h) applied against Edward because he had committed more than one act of domestic violence.[2]  The court stated in its order

---

[1]     We use first names and initials to protect the family's privacy.

[2]     AS 25.24.150(g) (establishing presumption against award of physical or legal custody to parent "who has a history of perpetrating domestic violence against . . . a child"); AS 25.24.150(h) (providing presumption may be overcome if perpetrating parent has successfully completed an intervention program for batterers,

that to overcome the presumption, Edward had to complete a state-approved 12-week anger management or batterers intervention program and a parenting education program.

In May 2022 the superior court again modified custody based on Sarah's move to Texas with the children. At that time the court also imposed a code of conduct for communications between the parents. The following year, the court granted Sarah's motion for a civil no-contact order.

## B. The Present Custody Dispute

### 1. First motion to modify custody and child support

In August 2023 Edward filed a motion seeking primary physical custody and sole legal custody of the children. Edward alleged that Sarah had gotten so intoxicated that she was driven home by the younger daughter, who was 13 years old at the time. Following the alleged incident, both children were sent to stay with Edward. Edward also filed a motion to modify child support based on the fact that the children had returned to his primary physical custody.

Before the superior court could rule on Edward's motions, the parties attended mediation; they reached an agreement on September 21, 2023. The agreement was described as a "temporary change that is not grounds for modification of custody." The temporary agreement was set to expire on January 31, 2024, absent further agreement by the parties. While the temporary agreement was in effect, Edward's child support obligation would be stayed, and Sarah would pay him $1,000 per month in support.

Subsequent mediation was unsuccessful, and the temporary agreement expired on January 31, 2024. The May 2022 custody order went back into effect. The

. . . does not engage in substance abuse," and child's best interests require that parent to have custody).

younger daughter returned to Sarah in Texas at the end of February, while the older daughter remained with Edward.

The superior court held an evidentiary hearing in April 2024. At the start of the hearing, the court made certain procedural rulings. Sarah had earlier filed a motion in limine to preclude Edward from calling witnesses and presenting exhibits, arguing that Edward had not filed a witness list or exhibit list by the deadlines specified in the court's pretrial order. The superior court granted the motion on the record, noting that Edward had been represented by counsel at the time these deadlines passed.

The court also denied a motion to compel discovery that Edward had filed a few days before the hearing (and after the deadline for exchanging exhibit lists). The motion sought, among other things, the name and phone number of any person who had spent the night at the same address as Sarah in the previous year; monthly account statements for any credit or debit cards used by Sarah in the previous year; and production of the children's cellphones. The superior court agreed with Sarah's objection that the request was "overbroad" and, given the stated basis for Edward's motion to modify custody, went "far outside the scope of the basis for establishing whether there's been a substantial change in circumstances since the [c]ourt issued its last order." The court denied Edward's request to produce the children's phones, observing that any videos taken of the alleged incident would be on the "cloud" but that neither child had the passwords needed to access the information.

After hearing evidence, the superior court found that the incident alleged by Edward as the basis for custody modification did not happen as he described. The court found there was "no indication that [Sarah] was intoxicated that evening — or that [her intoxication was] the reason why [the younger daughter] was driving." The

court found that the incident did not constitute a substantial change in circumstances and therefore declined to modify custody.[3]

The court partially granted and partially denied Edward's August 2023 motion to modify child support. The motion sought modification of child support pursuant to Alaska Civil Rule 90.3(h)(1) because the children "ha[d] returned to [Edward's] primary physical custody," creating a "de facto change in custody."[4] The court noted that the parties' mediated agreement contained a provision altering the existing child support arrangement and stated that it was "probably appropriate to submit a child support order that reflects that time period, just so that it's clear." The court subsequently granted Edward's motion to modify child support in part and instructed Sarah's counsel to "file proposed child support order(s) consistent with the [mediated agreement] terms."

Edward filed a motion for reconsideration. He argued that the $1,000 per month in child support that Sarah agreed to pay "was not adequate or fair," asserting that Sarah "lives an extraordinary luxury lifestyle not represented in her calculated annual income." The superior court denied reconsideration, noting that a party may not "raise new grounds as a basis for reconsideration."

### 2. Second motion to modify custody

Roughly three weeks after the evidentiary hearing, Edward filed another motion to modify custody. He asserted that there had been a substantial change in circumstances because (1) the older daughter remained in his physical custody, and (2) he had "done the work necessary to overcome the presumption against having custody."

---

[3] The court subsequently denied Edward's motion for reconsideration, which he filed late without a showing of good cause.

[4] Alaska Civil Rule 90.3(h)(1) provides: "A final child support award may be modified upon a showing of a material change of circumstances as provided by state law."

The court denied Edward's motion. The court first stated that "[t]he fact that [Edward] has continued to keep [the older daughter] in his physical custody in violation of the orders which have been issued in this case does not warrant an evidentiary hearing on his request to modify custody." It then concluded that Edward's other argument for modification — that he had done what was necessary to overcome the domestic violence presumption — did not warrant an evidentiary hearing either. The court noted that Edward had failed to provide any affidavit, certificates, or letters from providers indicating that he had overcome the domestic violence presumption. The court stated, "[Edward's] general assertion that he has done the work necessary to overcome the presumption is not a prima facie showing of a substantial change in circumstances affecting the children's welfare."

Edward filed a motion for reconsideration and attached evidence indicating he had completed an anger management class. The court denied reconsideration, explaining that "[a] motion for reconsideration is not 'a means to seek an extension of time for the presentation of additional evidence on the merits of the claim.'" The court also noted that the certificate of completion predated the court's January 2021 ruling that Edward had triggered the domestic violence presumption.

Edward appeals.

## III.  STANDARD OF REVIEW

The superior court has broad discretion in deciding whether to modify child custody and child support.[5] This discretion extends to the court's "determination whether, following an evidentiary hearing, the moving party has proven a substantial change in circumstances, meaning one that affects the child's welfare."[6] We will set aside the superior court's decision only when "the record shows an abuse of discretion

---

**5**     *Veselsky v. Veselsky*, 113 P.3d 629, 632 (Alaska 2005); *Mitchell v. Mitchell*, 370 P.3d 1070, 1076 (Alaska 2016).

**6**     *Collier v. Harris*, 377 P.3d 15, 20 (Alaska 2016).

or if controlling factual findings are clearly erroneous."[7]  A superior court abuses its discretion in a custody determination when it "considers improper factors or improperly weighs factors in its decisional process."[8]  It abuses its discretion in a child support determination when its decision is "manifestly unreasonable."[9]  "A factual finding is clearly erroneous when a review of the record leaves the court with a definite and firm conviction that the superior court has made a mistake."[10]

"We review for abuse of discretion a trial court's order denying a motion for reconsideration."[11]  We also review discovery orders for abuse of discretion.[12]  "But we apply our independent judgment in deciding the legal question whether the superior court weighed the appropriate factors in issuing a discovery order."[13]

## IV.  DISCUSSION

### A.  The Superior Court Did Not Abuse Its Discretion In Issuing Its Procedural Orders.

#### 1.  Motion in limine to exclude witnesses

Edward appeals the superior court's order granting Sarah's motion in limine, which precluded Edward from presenting witnesses and exhibits at the evidentiary hearing.  The superior court granted this motion because Edward did not file a witness list or exhibit list by the deadline set in the court's pretrial order.

---

**7**      *Frackman v. Enzor*, 327 P.3d 878, 882 (Alaska 2014) (quoting *J.F.E. v. J.A.S.*, 930 P.2d 409, 411 (Alaska 1996)).

**8**      *Hunter v. Conwell*, 276 P.3d 413, 418 (Alaska 2012) (quoting *McLane v. Paul*, 189 P.3d 1039, 1042 (Alaska 2008)).

**9**      *Mitchell*, 370 P.3d at 1076 (quoting *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 355 P.3d 503, 508 (Alaska 2015)).

**10**     *Frackman*, 327 P.3d at 882 (quoting *Fardig v. Fardig*, 56 P.3d 9, 11 (Alaska 2002)).

**11**     *Schmitz v. Yukon-Koyukuk Sch. Dist.*, 147 P.3d 720, 724 (Alaska 2006).

**12**     *Lee v. State*, 141 P.3d 342, 346 (Alaska 2006).

**13**     *Id.* at 347.

"[A] trial court has broad discretion to set and enforce deadlines for filing pleadings and completing discovery."[14] Alaska Civil Rule 16(e) provides that pretrial orders setting filing dates and other deadlines "shall control the subsequent course of the action unless modified by a subsequent order." A party seeking modification of the order bears the burden of showing that "manifest injustice" would result if the order is not modified.[15]

It is undisputed that Edward missed the superior court's pretrial deadlines. Though Edward testified at the evidentiary hearing that he was "hoping" that the court would "allow the girls to be witness[es]," he did not submit their names on a witness list by March 1. Nor did he exchange any exhibits by March 29. Edward was still represented by counsel when these deadlines passed.[16] But neither Edward nor his former counsel moved to modify the pretrial deadlines.

Edward argues that he did not file a witness list because he needed to receive discovery first to know what witnesses to call. He asserts that "[k]nowing what witness to call was completely dependent on the evidence [he] had" and suggests that he lacked the evidence he needed to meet the pretrial deadlines because of opposing counsel's "dishonest tactics and lack of transparency." This argument is unpersuasive because Edward did not try to compel discovery until after the deadlines for exchanging witness and exhibit lists had passed. Nor did Edward request a continuance to postpone the evidentiary hearing after the court precluded him from presenting witnesses. Therefore, the superior court did not abuse its discretion in granting the motion in limine.

---

[14]    *Nelson-Lizardi v. Lizardi*, 49 P.3d 236, 239 (Alaska 2002).

[15]    *Johnson v. State*, 636 P.2d 47, 58 (Alaska 1981).

[16]    Counsel was disqualified on April 3.

**2.     Motion to compel**

Edward also challenges the superior court's order denying his motion to compel discovery. In light of the court's ruling that Edward could not present witnesses or exhibits because he had failed to comply with the relevant pretrial deadlines — a ruling we affirm — any error in the court's ruling on the motion to compel was harmless because Edward was precluded from presenting any evidence he might have gained through discovery.

**B.     The Superior Court Did Not Abuse Its Discretion In Denying The First Motion To Modify Child Custody.**

The superior court may modify a child custody award "if the court determines that a change of circumstances requires the modification of the award and the modification is in the best interests of the child."[17] The parent seeking the modification "must make a prima facie showing of substantially changed circumstances sufficient to justify a modification hearing."[18] "The 'change in circumstances' requirement is 'intended to discourage continual relitigation of custody decisions, a policy motivated by the judicial assumption that finality and certainty in custody matters are critical to the child's emotional welfare.' "[19] "The required change in circumstance must be significant or substantial, and must be demonstrated relative to the facts and circumstances that existed at the time of the prior custody order that the party seeks to modify."[20]

Edward argues on appeal that he should have full custody of the children until Sarah "demonstrate[s] sobriety." But he does not explain how the superior court

---

[17]     AS 25.20.110(a).

[18]     *Collier v. Harris*, 261 P.3d 397, 403 (Alaska 2011).

[19]     *Id.* (quoting *Peterson v. Swarthout*, 214 P.3d 332, 340-41 (Alaska 2009)).

[20]     *Heather W. v. Rudy R.*, 274 P.3d 478, 481-82 (Alaska 2012) (quoting *Jenkins v. Handel*, 10 P.3d 586, 589 (Alaska 2000)).

abused its discretion in evaluating the two grounds he alleged warranted modification: (1) the incident in August 2023 in which Sarah was alleged to be so intoxicated that the younger daughter had to drive and (2) the children's transfer to his custody.

As to the first ground for modifying custody, we see no clear error in the court's finding that "the evidence just does not establish that [the incident] occurred" in the way that Edward alleged. The court viewed video evidence of the night in question. Sarah testified that she was not intoxicated. Sarah also testified that the younger daughter had fabricated the accusation out of spite because Sarah did not allow the daughter to do something she wanted to. Her testimony was corroborated by a friend who submitted an affidavit stating that Sarah was not intoxicated and did not appear to be under the influence of alcohol that evening. It appears that the superior court credited Sarah's testimony, and "[i]t is the trial court's function, and not that of a reviewing court, to judge the credibility of the witnesses and to weigh conflicting evidence."[21] The court also noted that the parties had historically not trusted the children's accusations, an observation that has support in the record.

As to the second ground for modifying custody, we see no abuse of discretion in the court's ruling that the temporary custody agreement was not a substantial change in circumstances. Generally, "temporary, experimental arrangements do not constitute substantial changes in circumstances sufficient to warrant modifications of custody."[22] To be sure, "at some point, informal or de facto modifications of custodial or visitation arrangements should be formalized."[23] While "experimental changes lasting only a few months should not qualify as a change in

---

[21] *Kessler v. Kessler*, 827 P.2d 1119, 1119 (Alaska 1992) (quoting *Penn v. Ivey*, 615 P.2d 1, 3 (Alaska 1980)) (internal quotation marks omitted).

[22] *McLane v. Paul*, 189 P.3d 1039, 1044 (Alaska 2008).

[23] *Morino v. Swayman*, 970 P.2d 426, 429 (Alaska 1999).

circumstances," "de facto changes of a lengthy duration, especially when they . . . change child support payments when given de jure status, should qualify."[24]

Edward argues that the temporary agreement in this case lasted long enough that it should count as a substantial change in circumstances, relying on *Naquin v. Naquin*.[25] But we decline to read *Naquin* as Edward does: as creating a rule that a four-month change in the custody arrangement is always a substantial change in circumstances. In *Naquin* the parents did not execute a temporary agreement for a defined period of time.[26] Rather, 11 days after the court issued the original custody decree, the custodial parent wrote a letter to the noncustodial parent allowing her to have physical custody of both children "until further notice."[27] Four months later, the noncustodial parent moved to modify custody and formalize this transfer of physical custody.[28]

*Naquin* is not on point here because Edward and Sarah expressly agreed that the experimental custody arrangement would expire at a specific date and would not be grounds for modification.[29] The fact that the temporary arrangement in this case lasted longer than the one in *Naquin* is therefore not dispositive. We do not suggest that a five-month temporary arrangement would *never* amount to a substantial change in circumstances. But given the particular facts of this case, we see no abuse of discretion in the superior court's ruling that the temporary arrangement was not a

---

[24] *Id.*

[25] 974 P.2d 383, 385 (Alaska 1999).

[26] *Id.* at 383-84.

[27] *Id.* at 384.

[28] *Id.*

[29] Edward's suggestion that the superior court was wrong to characterize the agreement as temporary is meritless. The agreement could not have been clearer on that point: "This is a TEMPORARY AGREEMENT on a trial basis until January 31, 2024."

substantial change in circumstances affecting the children's best interests.[30]  Therefore we affirm its decision denying Edward's motion to modify custody.

### C.  We Decline To Address Edward's Motion To Modify Child Support.

When Edward moved in August 2023 to modify child support, the only ground for modification he argued was that the children had "returned to [his] primary physical custody," which amounted to a "de facto change in custody."  The superior court partially granted Edward's motion to reflect the parents' agreement that Sarah would pay Edward $1,000 per month while the children lived with him during the temporary custody arrangement.  Edward argues on appeal that the $1,000 figure was unreasonable and unfair because Sarah "lives an extraordinary luxury lifestyle" and has obscured her wealth.

But Edward did not raise this argument in his initial motion to modify child support.  He first raised the argument in his motion for reconsideration.  Yet Alaska Civil Rule 77(k), which governs motions for reconsideration, "does not allow the moving party to raise new grounds as a basis for reconsideration; instead, the rule only allows reconsideration of points that were overlooked or misconceived despite having been properly raised."[31]  The fairness of the $1,000 figure was not properly before the superior court, so we do not address it.

---

[30]  Because we conclude that the superior court did not abuse its discretion in denying Edward's August 2023 motion to modify custody, we also hold that the superior court was not required to conduct a best interests analysis at the April 8 evidentiary hearing.  We have consistently held that "[m]odification of a custody determination is a two-step process:  [F]irst, the parent seeking modification must establish a significant change in circumstances affecting the children's best interests; only then is a best interests analysis performed." *Abby D. v. Sue Y.*, 378 P.3d 388, 394 (Alaska 2016) (quoting *Hunter v. Conwell*, 276 P.3d 413, 419 (Alaska 2012)) (internal quotation marks omitted).

[31]  *Katz v. Murphy*, 165 P.3d 649, 661 (Alaska 2007) (citing Alaska R. Civ. P. 77(k)).

**D.** **The Superior Court Did Not Abuse Its Discretion In Denying Edward's April 2024 Motion To Modify Custody.**

Edward also challenges the court's denial of his April 2024 motion to modify custody. A trial court need not grant a hearing on a motion to modify custody "if it is plain that the facts alleged in the moving papers, even if established, would not warrant a change."[32] "[T]he court has discretion to deny a hearing where no showing has been made of changed circumstances or of an alteration in the best interests of the children."[33] We see no abuse of discretion here.

First, Edward's motion did not offer any explanation for why the older daughter remained in his custody. He did not describe any other facts that had changed since the superior court's hearing just a few weeks earlier. As the superior court noted, the mere fact that the older daughter continued to stay with Edward in violation of the court order cannot constitute a substantial change in circumstances. Courts do not reward parents for keeping custody of a child in violation of a court order.[34]

Second, the motion's allegations about overcoming the domestic violence presumption were conclusory. The motion stated only: "I have also done the work necessary to overcome the presumption against having custody." But "even on a motion to dismiss, a court is not obliged to accept as true 'unwarranted factual inferences and conclusions of law.' "[35] Edward's assertion that he had "done the work necessary to overcome the presumption" is less a factual allegation than a legal

---

[32]   *Deivert v. Oseira*, 628 P.2d 575, 578 (Alaska 1981).

[33]   *Id.* at 579.

[34]   *Cf. Collier v. Harris*, 261 P.3d 397, 406 (Alaska 2011) (stating that parent's repeated violation of court custody orders may constitute grounds for modification in favor of nonoffending parent); *McLane v. Paul*, 189 P.3d 1039, 1044 (Alaska 2008) (declining to adopt rule that would "allow non-custodial parents to manufacture a substantial change in circumstances").

[35]   *Haines v. Comfort Keepers, Inc.*, 393 P.3d 422, 429 (Alaska 2017) (quoting *Dworkin v. First Nat'l Bank of Fairbank*s, 444 P.2d 777, 779 (Alaska 1968)).

conclusion that the domestic violence presumption had been overcome. Without factual assertions about what actions Edward had taken, the superior court was not required to accept his vague and conclusory claim that he had overcome the domestic violence presumption.[36] Therefore, the court did not abuse its discretion by denying this motion to modify custody.

## V.    CONCLUSION

We AFFIRM the judgment of the superior court.

---

[36]    Edward filed a motion for reconsideration asking the superior court to reconsider its custody ruling based on his anger management participant workbook and the letter from his provider. But he did not discuss these materials in his motion to modify custody. As discussed above with regards to Edward's other motion for reconsideration, Civil Rule 77(k) bars him from raising new grounds as a basis for reconsideration. *Katz*, 165 P.3d at 661. Moreover, that these materials describe work completed prior to the court's ruling that Edward had triggered the domestic violence presumption. This reinforces our determination that the court did not need to accept Edward's vague and conclusory claim.