Thomas Lee BERGSTROM, Appellant,

v.

Dianne Paulette LINDBACK, Appellee.

No. S-2433.

Supreme Court of Alaska.

Oct. 6, 1989.

Larry R. Weeks, Juneau, for appellant.

John F. Clough, III, Faulkner, Banfield, Doogan & Holmes, Juneau, for appellee.

## OPINION

Before MATTHEWS, C.J., and RABINOWITZ, BURKE and MOORE, JJ.

BURKE, Justice.

This is an appeal from a decision of the superior court awarding past and future child support under Alaska Civil Rule 90.3. The questions presented are whether the court erred in (1) fixing the amount of past and prospective child support, (2) excluding from evidence a purported settlement agreement, and (3) awarding excessive attorney's fees.

### I

Thomas Bergstrom and Dianne Lindback met and began living together in 1970. Although never married, they lived as husband and wife until March 1984. Bergstrom and Lindback have two sons: Tait, born August 3, 1975, and Morgan, born April 2, 1979.

Lindback commenced this action seeking a child custody and support determination in 1984. Three years later, the parties reached an agreement concerning custody; the only matter litigated was past and future child support. After trial, the court awarded Lindback $13,358.03 in "past due child support," along with future support in the amount of $258.97[1] per month. In its findings, the court stated that "[f]or ease of computation 50% physical custody

to each parent is used."[2] In addition, the court awarded Lindback attorney's fees of $9,556.25 and costs. This appeal followed.

### II

Bergstrom argues that the superior court erred in applying Civil Rule 90.3 because the court (1) relied on payroll tax withholding rather than Bergstrom's actual tax liability, (2) included in Bergstrom's income deferred compensation funds without considering the income tax consequences of withdrawing the funds, (3) failed to credit Bergstrom with premiums paid for a life insurance policy held on behalf of the children, and (4) failed to consider all sources of Lindback's income. Lindback contends that the findings and conclusions were supported by evidence in the record.[3]

The first question before us is whether the superior court erred in reducing Bergstrom's total income by the amount of tax withheld from his paycheck rather than his actual federal income tax liability. Alaska R.Civ.P. 90.3(a)(1)(A).[4]

The amount of taxes withheld by an employer may or may not reflect a taxpayer's actual tax liability.[5] Although Civil Rule 90.3(a)(1)(A) refers to "mandatory deductions" for federal income tax, we believe that Bergstrom's actual tax liability under existing Internal Revenue Service regulations, rather than the amount withheld, is the proper basis for determining the amount to be deducted from his income. Therefore, the trial court erred in

---

**1.** Originally, the court awarded Lindback $278.09 per month. However, upon reconsideration the court reduced Bergstrom's obligation to $258.97.

**2.** Lindback alleged a 50%–50% custody arrangement while Bergstrom asserted that he had 51% and Lindback 49% custody.

**3.** Neither Bergstrom nor Lindback argues that the superior court erred in applying Civil Rule 90.3 to determine past child support. Because it is not before us, we do not address this question. *But see Matthews v. Matthews*, 739 P.2d 1298 (Alaska 1987).

**4.** Alaska R.Civ.P. 90.3(a)(1) provides in part:

> Adjusted annual income as used in this rule means the parent's total income from all sources minus:
> (A) mandatory deductions such as federal income tax, social security tax, mandatory retirement deductions and mandatory union dues; [and]
> . . . .
> (C) work related child care expenses for the children who are the subject of the child support order.

**5.** Bergstrom testified that his employer made an error in calculating his federal taxes for withholding purposes. He supported this testimony with Internal Revenue Service tax rate schedules for his income level and taxpayer status.

reducing Bergstrom's adjusted annual income by the amount withheld rather than his actual tax liability.

The second question is whether the trial court erred in including in Bergstrom's income deferred compensation funds without considering the tax liability he would incur should he draw upon those funds.

■ Civil Rule 90.3(a)(1) defines income as the parent's "total income from all sources." Given this broad definition, we believe that the superior court has discretion whether to include in income amounts voluntarily deposited into deferred income compensation accounts. Under this rule, the court will be able to prevent a parent from decreasing his or her child support obligation by shifting income earned presently into the future. *See Pattee v. Pattee,* 744 P.2d 658, 662 (Alaska 1987) (voluntary reduction in noncustodial parent's income does not necessarily justify reduction in child support obligation). However, once the court decides to include deferred compensation in the child support calculus, logic dictates that the court also reduce the resulting annual income by the income taxes which would have been paid had the deferred compensation been included in that year's income for tax purposes. This corollary prevents an obligor parent who defers present income from being saddled with a child support obligation greater than that which would have resulted had the parent not deferred income at all.

■ The third question is whether the trial court erred in failing to credit Bergstrom with maintaining a life insurance policy on behalf of the children. The express language of Civil Rule 90.3(d) entitles a parent to a credit for maintaining a life insurance policy.[6] In this case, there is no dispute that Bergstrom maintains a life insurance policy for the children's benefit pursuant to a 1984 agreement between the parties. Thus, the trial court should have credited Bergstrom for premium payments pursuant to Civil Rule 90.3(d).[7]

■ The fourth question is whether the trial court erred in calculating Lindback's adjusted annual income. Bergstrom argues that the court erred in failing to include as income certain income tax refunds received by Lindback and her current husband as a result of tax losses generated by Lindback's business. The superior court, however, found that the "income upon which the taxes were paid [was] that of the husband." This finding is not clearly erroneous. *Smith v. Smith,* 673 P.2d 282, 283 (Alaska 1983). Therefore, we find no reversible error in the trial court's refusal to include in Lindback's income a portion of the joint federal tax refunds.

■ Bergstrom also argues that Lindback's income from a past, part-time teaching position should have been included in her income. The parties having agreed to the application of Civil Rule 90.3 to determine past child support, we believe that the award should be based on the parties' actual past income. Therefore, the superior court erred to the extent that it based its award on projected future income and failed to include any of Lindback's actual past earnings in calculating the award. Moreover, the superior court's determination of prospective child support was based on the erroneous assumption that Lindback would not teach during the fall of 1987. In fact, Lindback later admitted that she would earn a total of $3,400 from the part-time teaching position in 1987. We conclude that the superior court erred in failing to include Lindback's actual 1987 earnings in her adjusted annual income to determine the prospective child support award.

### III

■ Bergstrom argues that the superior court erred in refusing to consider evidence of a purported settlement agreement in which he asserts that Lindback waived her right to child support. However, a parent

---

**6.** Alaska R.Civ.P. 90.3(d) provides that "[i]n calculating a child support award, credit will be given for ... insurance payments for the children required by the decree or agreement."

**7.** The trial court also erred to the extent that it did not reduce Bergstrom's income by his actual work-related child care expenses as required by Civil Rule 90.3(a)(1)(C). *See supra* note 4.

may not waive the requirements of Civil Rule 90.3 by contract. *Cox v. Cox,* 776 P.2d 1045, 1048 (Alaska 1989). Therefore, we conclude that the superior court did not err in refusing to consider the purported settlement agreement.

## IV

Bergstrom argues that the trial court erred in awarding attorney's fees and costs to Lindback pursuant to Alaska Civil Rule 82.

██ In divorce cases, an award of costs and fees is based on the relative economic situations and earning powers of the parties, rather than on the prevailing party standard of Civil Rule 82. *L.L.M. v. P.M.,* 754 P.2d 262, 263–64 (Alaska 1988); *Lone Wolf v. Lone Wolf,* 741 P.2d 1187, 1192 (Alaska 1987); *Cooke v. Cooke,* 625 P.2d 291, 293 (Alaska 1981) (quoting *Burrell v. Burrell,* 537 P.2d 1, 7 (Alaska 1975)). This policy ensures that "both spouses have the proper means to litigate the divorce action on a fairly equal plane." *Lone Wolf,* 741 P.2d at 1192.

The present case between unmarried individuals was limited to issues of child custody and support. We believe that the award of attorney's fees in such a case should be governed by the standard used in divorce actions. On remand, the court may award attorney's fees based on the parties' relative economic situations and earning powers.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.[8]

---

**8.** We have examined the other arguments raised on appeal and conclude that they are without merit.