Marla SANDERS, Appellant,

v.

Gary BARTH, Appellee.

No. S–9184.

Supreme Court of Alaska.

Nov. 9, 2000.

Allison E. Mendel, Penny Agallianos, Mendel & Associates, Anchorage, for Appellant.

No appearance for Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

### OPINION

MATTHEWS, Chief Justice.

## I. INTRODUCTION

Marla Sanders appeals the superior court's denial of Civil Rule 82 attorney's fees in a child support action that settled. Marla claims that she was entitled to the fees as the prevailing party to the litigation and that the superior court erred in applying the divorce exception to Rule 82.

While we agree that it was error to apply the divorce exception to a case that does not closely resemble a divorce action, we nevertheless hold that any error was harmless because the absence of any fees provision in the settlement agreement precludes Marla from receiving Rule 82 attorney's fees. We therefore affirm the superior court's order denying Marla attorney's fees.

## II. FACTS AND PROCEEDINGS

Marla Sanders and Gary Barth lived together for approximately nine months in 1986, during which time Marla became pregnant. Shortly after Gary moved out, Marla gave birth to their child, Amanda. In 1993 Gary was adjudicated the natural father of Amanda in a judgment that declared he owed Amanda a duty of support but did not state how much he was obligated to pay.

On September 24, 1997,—more than ten years after Amanda's birth—Marla filed a complaint for child support, requesting back child support and a child support order. Gary denied liability for Amanda's back child support, arguing that Amanda may have had another "legal father" who owed the child support. He also claimed that until she was contacted by the Child Support Enforcement

Division of the State of Alaska, Marla had neither informed him of the existence of their child nor requested child support on the child's behalf. Lastly, Gary claimed that the statute of limitations restricted the amount of back child support Marla could receive.

Marla moved for partial summary judgment, limited to the issue of Gary's liability for child support. The superior court granted her motion, finding that Gary raised no genuine issues of material fact regarding the fact that Gary is the father of Amanda. The court then set a trial date for resolving the amount of child support owed.

At trial, Marla's counsel offered to discuss settlement with Gary, who was now appearing pro se. The parties adjourned to the court's chambers and emerged with a settlement agreement, agreeing that Gary would pay past child support of approximately $100,000.00.

Three weeks after final judgment and two months after the settlement conference, Marla moved for attorney's fees under Rule 82. The court denied the motion, finding that "[t]his case was settled, there are no prevailing parties." Marla then filed a motion for reconsideration, arguing that settlement did not preclude a finding that she was the "prevailing party" for purposes of Rule 82. The court denied the motion, ruling that Rule 82 did not apply at all: "Any award of fees between unmarried individuals should be governed by the standard used in divorce actions, based on the relative economic standing of the parties. No such relief was sought here. And I have no financial information on Ms. Sanders."

Marla appeals, requesting this court to reverse the superior court's order and remand for a determination of prevailing party status under Rule 82.

## III. STANDARD OF REVIEW

 The determination of which statute or rule applies to an award of attorney's fees is a question of law.[1] We review questions of law de novo, adopting the rule of law that is

---

1. See B.J. v. J.D., 950 P.2d 113, 118 (Alaska 1997).

most persuasive in light of "policy, reason, and precedent."[2]

## IV. DISCUSSION

### A. The Divorce Exception to Rule 82 Remains an Exception Rather than a Rule and Should Be Limited to Cases That Closely Resemble Divorce Actions.

Civil Rule 82 authorizes awards of partial attorney's fees to prevailing parties in most civil litigation.[3] The purpose of the rule is to partially compensate the prevailing party for her litigation expenses and to encourage settlement.[4]

However, divorce cases represent a well-established exception to this general rule.[5] Attorney's fees in divorce cases are "based on the relative economic situations and earning powers of the parties," rather than prevailing party status.[6] This rule ensures that "both spouses have the proper means to litigate the divorce action on a fairly equal plane."[7]

In *Bergstrom v. Lindback,*[8] we extended the divorce exception to quasi-divorce actions involving child custody and support proceedings between unmarried couples. *Bergstrom* involved an unmarried couple who had lived together for fourteen years and had two children together.[9] Shortly after they separated, the mother brought an action for child support and custody.[10] The parties settled the custody dispute but litigated the child support issue.[11] After trial, the superior court found the mother the prevailing party and awarded her attorney's fees pursuant to Rule 82.[12] We reversed the award of fees, holding that the superior court should have awarded fees based on the relative financial standing of the two parties.[13] Because *Bergstrom* closely resembled a divorce action and involved the kinds of custody and support issues that generally arise following the break-up of a long term relationship, we reasoned that the divorce exception to Rule 82 should apply.[14] We also noted that the same public policy supporting the divorce exception to divorce cases—ensuring that parties can litigate initial custody and support issues on a "fairly equal plane"—supports applying the divorce exception to these kinds of quasi-divorce actions.[15]

But the divorce exception to Rule 82 should remain an exception to the rule, not the rule itself. If a case does not closely resemble a divorce action or if it does not involve the kinds of issues—such as the initial determination of custody and child support—that generally arise in the immediate aftermath of a long-term relationship break-up, the superior court should not apply the divorce exception to the award of attorney's fees. Thus, in *Rubright v. Arnold,* a case involving a paternity and child support dis-

---

2. *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

3. *See Moody–Herrera v. State, Dep't of Natural Resources,* 967 P.2d 79, 89 (Alaska 1998).

4. *See id.*

5. *See Hartland v. Hartland,* 777 P.2d 636, 644 (Alaska 1989).

6. *Kowalski v. Kowalski,* 806 P.2d 1368, 1372 (Alaska 1991).

7. *Lone Wolf v. Lone Wolf,* 741 P.2d 1187, 1192 (Alaska 1987). The divorce exception to Rule 82 is based on a broad reading of AS 25.24.140(a)(1), which provides for attorney's fees during the pendency of a divorce, and on the recognition that "there is often no clear winner" in a divorce case. *Hilliker v. Hilliker,* 768 P.2d 115, 116 (Alaska 1988).

8. 779 P.2d 1235 (Alaska 1989).

9. *See id.* at 1236.

10. *See id.*

11. *See id.*

12. *See id.*

13. *See id.* at 1238.

14. *See id.*

15. *See id.; see also Coleman v. Coleman,* 968 P.2d 570, 573 (Alaska 1998) ("An award of attorney's fees in a case between unmarried individuals limited to issues of child custody and support is based on their relative economic situations and earning powers. This rule applies if the case is closely analogous to custody disputes in divorce cases, as this one obviously was.") (internal quotations and alterations omitted).

pute between an unmarried couple, we held that the superior court properly applied Rule 82 to the award of attorney's fees.[16] *Rubright* involved a couple who were not married to each other and who never lived together.[17] Five years after their affair produced a child, the mother brought a suit to establish paternity and child support.[18] Reasoning that this kind of dispute did not closely resemble a divorce action, and that there existed minimal public policy reasons for applying the divorce exception, we held that Rule 82 governed the award of attorney's fees in that case.[19]

Similarly, in *B.J. v. J.D.*, we rejected the mother's contention that the divorce exception should apply to a custody dispute between her and her former boyfriend.[20] Noting that the case took place more than three years after the relationship broke up and that it was predicated on a previous motion for custody that had been dismissed, we reasoned that the case resembled a *modification* of custody more than it did an initial motion for custody and that Alaska Statute 25.20.115, rather than the divorce exception, should govern the award of attorney's fees.[21]

■ Like *Rubright* and *B.J.*, the facts and circumstances surrounding the current case do not closely resemble a divorce action. Most quasi-divorce cases between unmarried couples occur almost immediately after the break-up of the long-term relationship. They traditionally involve issues that inevitably arise immediately after such a break-up—such as custody, visitation, child support, and property division. Here, in contrast, the parties are litigating child support issues more than ten years after their relationship broke up. Moreover, as Marla notes, this case is "strictly about money"; it does not involve property division, custody or visitation issues. The divorce exception is not intended to apply to every child support case

between unmarried couples. It should be reserved for cases that closely resemble divorce actions and for cases that involve disputes—such as disputes about custody or the initial division of property—for which it is of paramount importance that the parties be able to litigate on a "fairly equal plane."[22] Because this case resembles the paternity action in *Rubright* more than it does the quasi-divorce action in *Bergstrom,* we hold that it was error to apply the divorce exception to the award of attorney's fees.

### B. The Superior Court Properly Refused to Award Marla Rule 82 Attorney's Fees Because the Settlement Agreement Did Not Include a Provision for Such an Award.

■ Although we hold that it was error to apply the divorce exception to this case, we nevertheless conclude that this error was harmless because the nature of the settlement agreement precludes Marla from receiving Rule 82 attorney's fees.

We have repeatedly stated that the "better practice" for parties negotiating settlement agreements is to negotiate the question of attorney's fees directly—either including a fees provision in the settlement agreement or explicitly reserving the issue for a later determination by the court.[23] We have warned litigants that if they fail to address the issue of fees in the settlement agreement, they may be precluded from claiming Rule 82 fees.[24] As we explained in *Coleman v. Coleman:*

> A settlement agreement is a contract, and we are as leery of adding unnegotiated terms to it as to any other contract. An agreement's silence as to fees thus may be seen as a meaningful part of the parties'

16. 973 P.2d 580, 586–87 (Alaska 1999).

17. *See id.* at 582.

18. *See id.*

19. *See id.* at 586–87.

20. 950 P.2d 113, 119 (Alaska 1997).

21. *See id.*

22. *Lone Wolf,* 741 P.2d at 1192.

23. *Tobeluk v. Lind,* 589 P.2d 873, 879 n. 13 (Alaska 1979); *see also Coleman,* 968 P.2d at 576.

24. *See Coleman,* 968 P.2d at 576–77.

overall bargain, which we should not disturb.[25]

Similarly, a concurrence in an earlier case, *Tobeluk v. Lind*,[26] urged the court to adopt a per se rule prohibiting Rule 82 fees when the settlement agreement does not refer to attorney's fees:

> A consent judgment is a contract which the parties have chosen to make enforceable as a judgment. I would hold that no Rule 82 attorney's fees may be awarded following a consent judgment, unless there is an agreement that they will be, because doing so changes the contract of the parties. Such a rule would ensure that each party gets what he bargains for, would eliminate uncertainty which could discourage settlements, and would eliminate post-settlement litigation of the very controversy which the settlement was meant to resolve.[27]

The facts of this case confirm the fairness of this rule. It would be inequitable to award Marla Rule 82 attorney's fees—despite her claimed status as the prevailing party[28]—in light of the fact that Gary signed the settlement agreement with the understanding that it represented the full and complete resolution of all outstanding issues between the parties.

Marla points to *Coleman*, where the mother was able to recover attorney's fees even though the settlement agreement did not mention attorney's fees. But *Coleman* is distinguishable from the present case. In *Coleman*, the mother's initial complaint requested both custody and attorney's fees.[29] The father was therefore on notice before the settlement negotiations that there were two separate issues that needed to be resolved. We further reasoned:

> To a court drawing such an inference [regarding the parties' intent as to attorney's fees], divorce cases and Rule 82 cases may well differ. Because we do not base fee awards in divorce cases on who prevails, the two forms of relief that [the mother] sought—custody and a fee award based on [the father's] greater wealth—were independent. There is no reason to presume that, in settling one, she and [the father] meant to settle the other.[30]

Here, in contrast, there is every reason to presume that the settlement agreement was intended to represent the final resolution of all outstanding issues between the parties. Unlike the mother in *Coleman*, Marla never specifically requested attorney's fees in her complaint. Nor did she mention attorney's fees before or during the settlement negotiations. The final settlement agreement does not mention attorney's fees nor is there any indication that Gary—who was acting pro se—even knew that attorney's fees were an issue in the case. Indeed, Gary claimed in his trial brief that if he knew that Marla intended to request attorney's fees, he would not have signed the agreement.

Under these circumstances, Marla's request for attorney's fees appears to be a retroactive attempt to modify terms of an agreement that has already been signed by the parties and accepted by the superior court. Allowing Marla to recover Rule 82 attorney's fees after she failed to notify Gary of her intent to pursue these fees despite the settlement agreement would be inequitable. We therefore hold that the superior court properly denied Marla's motion for Rule 82 attorney's fees. To further clarify this holding for future cases, we approve of the rule articulated in the *Tobeluk* concurrence: "No Rule 82 attorney's fees may be awarded following a consent judgment unless there is an agreement that they will be."[31]

**25.** *Id.* at 576.

**26.** 589 P.2d 873 (Alaska 1979).

**27.** *Id.* at 881 (Matthews, J., concurring).

**28.** Marla argues that the superior court erred by failing to recognize her status as the prevailing party. But this argument is irrelevant. Even if Marla is the prevailing party in the litigation, she is nevertheless precluded from receiving attorney's fees based on the settlement agreement's failure to provide attorney's fees or to reserve the issue for a later judicial determination.

**29.** *See Coleman*, 968 P.2d at 577.

**30.** *Id.*

**31.** *Tobeluk*, 589 P.2d at 881.

## V. CONCLUSION

Because this case does not closely resemble a divorce action, Rule 82 applies to the award of attorney's fees. But because this case settled without any reference to attorney's fees and because the alleged prevailing party failed to notify the other party of her intent to pursue Rule 82 attorney's fees in addition to the terms negotiated in the settlement agreement, any award of Rule 82 attorney's fees is barred. We therefore AFFIRM the superior court's decision to deny Marla's motion for Rule 82 attorney's fees.