NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DONALD GLENN WOODEN, ) | |
| ) | Supreme Court No. S-17770 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-14-05995 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ERIN LESLIE WOODEN, ) | AND JUDGMENT[*] |
| ) | |
| Appellee. ) | No. 1870 – January 12, 2022 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: Deborah Burlinski, Burlinski Law Office, LLC, Palmer, for Appellant. Adam Gulkis, The Law Office of Adam Gulkis, Anchorage, for Appellee.

Before: Winfree, Maassen, Carney, and Borghesan, Justices. [Bolger, Chief Justice, not participating.]

## I.    INTRODUCTION

The superior court modified an original child support order. The father moved for reconsideration, arguing that the order improperly imputed income and miscalculated his G.I. Bill education benefits. The court denied reconsideration because the father's motion was untimely, and we affirmed that order on appeal.

---

[*]    Entered under Alaska Appellate Rule 214.

Two years later, in response to each party's allegations that the other had failed to report disability income, the superior court recalculated past child support to account for the omitted disability benefits. But the court declined to revisit the imputed income and G.I. Bill issues, concluding that the law of the case doctrine precluded reconsideration because these issues had already been subject to appeal. The court issued a series of corrected support orders that retained the earlier imputed income and G.I. Bill calculations. It also granted the mother some of her attorney's fees, finding that she was the prevailing party because of the significant increase in the father's child support obligation.

The father appeals the corrected child support orders and the award of attorney's fees. Because we conclude that it was not an abuse of discretion for the court to preclude the father from relitigating the imputed income and G.I. Bill benefits issues, we affirm the corrected child support orders. And because the court did not err or abuse its discretion in awarding attorney's fees, we affirm that award as well.

## II.    FACTS AND PROCEEDINGS

### A.    Background

Erin and Donald Wooden married in 2001 and have five children. Both Donald and Erin had careers in the military; Donald served until his retirement in 2007, and Erin served until her retirement in 2015. Both parties found other work after retiring from the military. Donald worked full time until February 2016, then moved to part-time work. Erin worked two jobs after her military retirement, most recently part time at a hotel.

The couple dissolved their marriage in 2014. The court granted Donald primary physical custody of three of the children and Erin primary physical custody of the other two. The court ordered Erin to pay child support to Donald until her military retirement in 2015, at which point Donald would begin paying child support to Erin.

A custody modification in March 2017 granted Erin custody of four children and Donald of one. On April 19, 2017, Erin filed a new child support guidelines affidavit, a child support calculation, and a proposed order modifying child support. The court signed Erin's proposed order and sent it to Donald on April 24.

The next day Erin moved to amend the order because of a mistake in its statement of medical expenses. Donald responded nearly a month later. He agreed to Erin's proposed amendment regarding medical expenses but objected to the underlying calculations based on her April 19 filings. He made two arguments relevant here: first, that Erin's use of his full-time wages to calculate his income was erroneous because he had more recently been working part time and earning "significantly less"; and second, that Erin had erroneously included his G.I. Bill educational benefits in his income.[1]

The court granted Erin's motion to amend, signed her corrected order, and sent it to Donald on July 3. Donald moved for reconsideration on July 13, arguing that the effective date for child support was incorrect and repeating his objections to Erin's April calculations.

In August the court denied Donald's motion for reconsideration as untimely under Alaska Civil Rule 77(k), finding that in substance he was seeking reconsideration of the April order rather than the corrected July order.[2] Donald appealed; we agreed with

---

[1]     The relevant iteration of the G.I. Bill, providing educational assistance and other benefits to service members, veterans, and their families, is 38 U.S.C. §§ 3301-3327. Under Alaska law, a parent's income for purposes of child support calculations includes "G.I. benefits (excluding education allotments)." Alaska R. Civ. P. 90.3 cmt. III(A). Donald argued that Erin's calculation of his income included approximately $19,000 in G.I. Bill "education allotments" that should have been excluded.

[2]     *See* Alaska R. Civ. P. 77(k) ("A motion to reconsider the ruling must be made within ten days after the date of notice of the ruling . . . .").

the superior court's reasoning and affirmed its denial of the untimely motion as within its discretion.[3]

## B. Current Proceedings

In February 2019 Donald moved to modify child support under Alaska Civil Rule 90.3, alleging a substantial change in circumstances because his income had decreased by more than 15 percent.[4] Erin responded that Donald was misrepresenting his income; she argued that he had not disclosed his disability benefits and asked the court to recalculate his child support since 2016 to correct that omission and other alleged errors. Donald countered that he and Erin had mutually agreed not to include their disability benefits as income. The court advised the parties that Rule 90.3 preempts private agreements to pay less than what the Rule requires,[5] and it found that under Alaska Civil Rule 60(b)(6) the parties' failure to disclose their disability benefits could be the basis for relief from past child support orders.

In June 2019 the court decided to recalculate child support. It held an evidentiary hearing in September, at the close of which it announced its intention to "recalculat[e] income starting from 2014 for both parties, using the appropriate amounts, regardless of what calculations were made previously." The court issued a written order later that month setting out calculations consistent with its statements at the evidentiary

---

[3] *Wooden v. Wooden*, No. S-16836, 2018 WL 4492370, at *2 (Alaska Sept. 19, 2018).

[4] Alaska R. Civ. P. 90.3(h) allows a modification of child support upon a showing of a material change of circumstances; a material change of circumstances is presumed if support as calculated would be "15 percent greater or less than the outstanding support order."

[5] *See Laughlin v. Laughlin*, 229 P.3d 1002, 1004-05 (Alaska 2010) (noting that "no parental agreement regarding child support is valid until it receives judicial scrutiny under Rule 90.3" (quoting *Nix v. Nix*, 855 P.2d 1332, 1334 (Alaska 1993))).

hearing, including new calculations for the G.I. Bill benefits, and it held that "[a]ctual historic gross and adjusted income shall be calculated for each calendar year."

The court held one more evidentiary hearing in February 2020. There was another short exchange about whether the court would be imputing income to Donald based on the court's past findings. The court explained that its "intention here was to recalculate child support based on the numbers — the incomes that [Donald and Erin] left out." The court said it did not "intend[] to revisit imputed income." Observing that the imputed income issue appeared to be settled by "the rule of the case from the appellate court," the court said it would "keep[] the imputed income decision . . . intact. And this income calculation we've done will be laid on top of that."

Erin submitted proposed child support orders. Donald again objected to her inclusion of imputed income and G.I. Bill benefits that he contended were education-related. The court then issued ten new child support orders to cover the parties' shifting custody schedules: first a corrected final child support order with a beginning date of July 1, 2014; then eight corrected orders modifying child support for various periods from January 2015 through May 2019;[6] and finally a new child support order effective June 1, 2019, onward. The corrected orders reflected Erin's proposed calculations.

Erin moved for attorney's fees, and the court determined that she was a prevailing party entitled to an award under Alaska Civil Rule 82(b)(1). The court reduced the fees award because of Erin's own failure to report her disability benefits, which complicated the litigation, but it then added $1,000 because Erin "seemed to carry

---

[6] The eight corrected orders modifying the original child support order were for the successive periods January-December 2015; January-December 2016; January-March 2017; April-August 2017; September-December 2017; January-August 2018; September-December 2018; and January-May 2019.

most of the load in calculating support." The court ultimately ordered Donald to pay Erin $4,970 towards her attorney's fees.

Donald appeals the corrected child support orders and the award of attorney's fees.

## III. STANDARD OF REVIEW

" 'Trial courts have broad discretion in deciding whether to modify child support orders.' 'We review an award of child support, including a modification to such an award, for abuse of discretion. . . .' "[7] "An abuse of discretion will be found only if, based on the record as a whole[,] [we are] left with a definite and firm conviction that a mistake has been made."[8]

"We 'determine de novo whether an award of attorney's fees is governed by a rule or an exception to a rule.' "[9] "Awards of attorney's fees in modification of child support cases are reviewed for an abuse of discretion. Attorney's fees awarded pursuant to Civil Rule 82(b)(1) are presumptively correct."[10]

---

[7] *Sharpe v. Sharpe*, 366 P.3d 66, 68 (Alaska 2016) (footnotes omitted) (first quoting *Olmstead v. Ziegler*, 42 P.3d 1102, 1104 (Alaska 2002), and then quoting *Swaney v. Granger*, 297 P.3d 132, 136 (Alaska 2013)).

[8] *Reilly v. Northrop*, 314 P.3d 1206, 1212 (Alaska 2013) (quoting *Robinson v. Robinson*, 961 P.2d 1000, 1002 (Alaska 1998)).

[9] *Fredrickson v. Button*, 426 P.3d 1047, 1052 (Alaska 2018) (quoting *Rosenblum v. Perales*, 303 P.3d 500, 503 (Alaska 2013)).

[10] *Hixson v. Sarkesian*, 66 P.3d 753, 757 (Alaska 2003) (citations omitted).

## IV. DISCUSSION

### A. The Superior Court Did Not Abuse Its Discretion When It Declined To Revisit The Issues Of Imputed Income And G.I. Bill Benefits For Purposes Of The Corrected Child Support Orders.

The superior court ultimately declined Donald's request that it revisit the imputed income and G.I. Bill benefits calculations that factored into the April 2017 child support order, reasoning that our intervening decision on appeal meant that those calculations were the law of the case. The court therefore did not change those numbers for purposes of the corrected orders for April 2017 through May 2019. Donald argues that the numbers were erroneous in 2017 and are erroneous now. He argues that the superior court had the discretion to override the law of the case doctrine and that it should have done so to correct a manifest injustice, especially given that it had already decided to recalculate the orders to take into account the parties' previously omitted disability income.

The law of the case doctrine is based on the principles of judicial economy and stare decisis: "Successive appeals should narrow the issues in a case, not expand them."[11] The doctrine therefore "generally 'prohibits the reconsideration of issues which have been adjudicated in a previous appeal in the same case.' Previous decisions on such issues — even questionable decisions — become the 'law of the case' and should not be reconsidered on remand or in a subsequent appeal" absent " 'exceptional circumstances' presenting a 'clear error constituting a manifest injustice.' "[12] " '[T]he doctrine is equally applicable to issues that have been fully litigated in the superior court and as to which

---

[11] *Beal v. Beal*, 209 P.3d 1012, 1016 (Alaska 2009) (quoting *State, Com. Fisheries Entry Comm'n v. Carlson*, 65 P.3d 851, 873-74 (Alaska 2003)).

[12] *Id.* at 1016-17 (quoting *Carlson*, 65 P.3d at 859 & n.52).

no timely appeal has been made.' Thus a final judgment that could have been appealed but was not . . . becomes law of the case."[13]

As Donald contends, the superior court's thinking on these issues evolved over the course of the several hearings devoted to them. Ultimately, however, the court distinguished between the disability income — which had been erroneously omitted from the earlier income calculations — and the imputed income and G.I. Bill benefits, which had been included in those calculations, disputed, and litigated through appeal. The court's initial April 2017 child support order had adopted Erin's calculations, which used Donald's reported 2015 income from full-time employment and included a figure for G.I. Bill benefits income. Donald moved for reconsideration on those specific issues, but the court denied his motion on timeliness grounds. In 2018 we affirmed the denial on appeal.[14] Our decision is the law of the case even though we did not address the merits of Donald's calculation issues; the elements of the doctrine are plainly satisfied.[15]

Donald is correct that the superior court retains the discretion to override the doctrine,[16] and the court's comments may reflect at least its "off the cuff" perception that it had no such discretion.[17] But an exception from the law of the case doctrine is

---

[13]     *Robert A. v. Tatiana D.*, 474 P.3d 651, 655 (Alaska 2020) (citation omitted) (quoting *Barber v. State, Dep't of Corr.*, 393 P.3d 412, 419 (Alaska 2017)).

[14]     *Wooden v. Wooden*, No. S-16836, 2018 WL 4492370, at *2 (Alaska Sept. 19, 2018).

[15]     *See Robert A.*, 474 P.3d at 655.

[16]     *See id.* ("If the elements of the law of the case doctrine are met, the superior court still has discretion whether to apply it.").

[17]     Responding to Donald's arguments about imputed income at the February 2020 hearing, the superior court cited the law of the case doctrine and said, "I don't think I have authority to touch [the imputed income issue]. . . . [Y]ou're basically

justified on remand or subsequent appeal only to correct a "clear error constituting a manifest injustice,"[18] and we do not see a clear error here.

The April 23, 2017 child support order followed a March 2017 modification of custody. It is undisputed that the court's numbers were based on Erin's proposals; she filed a child support guidelines affidavit following the modification order and Donald did not. As we observed in our previous memorandum opinion, "Donald's gross wages shown on [Erin's] affidavit were identical to those shown on his 2015 tax return, which Erin had presented at the January hearing."[19] The superior court also accepted Erin's proposal to include in Donald's income $19,332 that she identified as "GI Bill MAH," or Military Allowance for Housing. Donald did not respond to Erin's proposed numbers until nearly a month after she filed them. Because he failed to timely object to Erin's proposed order or timely move for reconsideration of the order upon its entry, we held in his last appeal that the superior court did not abuse its discretion when it denied the reconsideration motion as untimely.[20] There was no error, let alone the required "clear

---

asking for another motion for reconsideration now. And I'm not sure that I can do that . . . now." But the court also remarked that it was "sort of ruling off the cuff on the imputed income and re-notice and all that stuff" and would "keep[] the imputed income decision of [the prior judge] intact" "as of now." The court invited Donald to file an additional motion on the imputed income issue if he thought the court "need[ed] further understanding of the procedural and substantive merits of [Donald's] claim." Donald did not file a motion on the issue but did address it in his opposition to Erin's proposed corrected child support orders.

[18]     *Beal v. Beal*, 209 P.3d 1012, 1017 (Alaska 2009) (quoting *State, Com. Fisheries Entry Comm'n v. Carlson*, 65 P.3d 851, 859 (Alaska 2003).

[19]     *Wooden*, 2018 WL 4492370, at *1.

[20]     *Id.*

error constituting a manifest injustice,"[21] in the court's decision to enforce these procedural rules.[22]

Our conclusion would be the same if we were to consider the merits of Donald's arguments. When the superior court denied Donald's motion for reconsideration on timeliness grounds, it also, as an alternative basis for its order, accepted Erin's arguments that her income calculations were correct. Donald had argued that he had substantially reduced his work hours since 2015 because he was now attending school full time. Erin advised the court, however, that the only income information he had produced as of the most recent custody hearing was "his 2015 W2 and two pay statements from November 2016"; he did not produce his 2016 tax returns, showing dramatically lower hours, until he filed the untimely reconsideration motion. Erin cited Donald's hearing testimony about scaling back his hours to be with his children and pointed out that, as the scheduling supervisor, he had assigned himself to work nights and weekends — times his children were not in school. She reminded the court that the children no longer lived with Donald following the most recent custody modification.[23] She asserted that Donald had no disability that would prevent him from working and had "offered no plausible explanation of why he [was] not currently working full[ ]time." These allegations presented a prima facie case of voluntary and

---

[21]     *Beal*, 209 P.3d at 1017 (quoting *Carlson*, 65 P.3d at 859).

[22]     Alaska Civil Rule 78(b) requires that objections to a proposed order be filed within five days after the proposed order is served; Donald's objections were filed nearly a month after service of the proposed order. Alaska Civil Rule 77(k) requires that a motion to reconsider a ruling "be made within ten days after the date of notice of the ruling"; Donald's motion for reconsideration was filed almost three months after the order it actually challenged.

[23]     The March 2017 order continued physical custody of the oldest child, who was just about to turn 18, with Donald; the younger four were to live primarily with Erin.

unreasonable underemployment;[24] the superior court could conclude from them, as do we, that there was no manifest injustice in declining to relax the procedural rules to further consider Donald's new arguments and evidence.

With regard to the G.I. Bill benefits, our conclusion is the same. Donald's untimely motion for reconsideration asserted that the amount Erin included as his income was entirely "an allotment from the military to further his education — GI Bill" and should have been excluded from his income as an "education allotment." But the motion for reconsideration included no evidentiary support for that position, and Erin responded that her calculation included only the housing component of Donald's military benefits and specifically excluded his tuition and book stipend. Again, as the court had no evidence before it in 2017 to show that Erin's figure was mistaken, we cannot say that its use of that figure was "clear error constituting a manifest injustice."[25]

Donald also raises a procedural due process challenge, contending first that the court imputed income without holding the necessary evidentiary hearing on the issue. "Due process requires 'notice and opportunity for hearing appropriate to the nature of the case.' "[26] Any due process challenge to the 2017 order should have been raised in the earlier appeal but was not; it is therefore waived.[27] Donald also notes some

---

[24] *See Sawicki v. Haxby*, 186 P.3d 546, 549 (Alaska 2008) (concluding that the father "met his prima facie burden by showing that [the mother] voluntarily left [her job] to take a job paying approximately half what she earned before").

[25] *Beal*, 209 P.3d at 1017 (quoting *Carlson*, 65 P.3d at 859).

[26] *Bunton v. Alaska Airlines, Inc.*, 482 P.3d 367, 376 (Alaska 2021) (quoting *DeNardo v. Maassen*, 200 P.3d 305, 315 (Alaska 2009)).

[27] *See Beal*, 209 P.3d at 1017 ("The law of the case doctrine applies not only to issues explicitly addressed and decided in a prior appeal but also to . . . issues that *could have been* part of a prior appeal but were not." (emphasis in original)).

inconsistency in the court's statements in 2020 about whether it intended to recalculate the entirety of the past support orders regardless of the law of the case doctrine; he contends that he therefore lacked adequate notice of the court's intentions.[28] But the court's ultimate decision — that it would not redo most aspects of the 2017 income calculations — was clear; it also invited further briefing on the law of the case. We conclude that Donald had sufficient notice of what was at issue in 2020 and adequate opportunity to present his arguments, and there was no deprivation of due process.

In sum, we see no abuse of discretion in the superior court's decision to rely on the law of the case doctrine and retain most aspects of the 2017 income calculations when issuing the corrected orders.[29] We therefore affirm the corrected orders.

### B.     The Superior Court Did Not Err Or Abuse Its Discretion In Its Award Of Attorney's Fees To Erin.

The superior court awarded Erin $4,970 in attorney's fees, finding that for purposes of Civil Rule 82(b)(1) she had prevailed in the child support modification proceedings. Donald argues that because this is a divorce case, attorney's fees should have been based on the parties' relative financial circumstances rather than prevailing party status.

We disagree. There is a divorce exception to Rule 82,[30] but it is a narrow

---

[28]     The court advised the parties in December 2019 that it would recalculate the past orders using actual historic income, and it seemed to indicate at the same time that it would reassess the G.I. Bill income calculation.

[29]     We note that the law of the case doctrine does not preclude Donald from moving at any time to modify child support prospectively based on a material change in circumstances. *See* Alaska R. Civ. P. 90.3(h)(1); *Wilhour v. Wilhour*, 308 P.3d 884, 887-88 (Alaska 2013).

[30]     *Fredrickson v. Button*, 426 P.3d 1047, 1064 (Alaska 2018) (noting that attorney's fees in divorce cases should be based on parties' " 'relative economic

exception and not applicable here:

> If a case does not closely resemble a divorce action or if it does not involve the kinds of issues — such as *the initial determination* of custody and child support — that generally arise in *the immediate aftermath* of a long-term relationship break-up, the superior court should not apply the divorce exception to the award of attorney's fees.[31]

This case is far removed from the original dissolution proceedings in both time and subject matter. Erin and Donald separated in June 2014, over seven years ago, and at this point the case is "strictly about money" in the form of child support.[32] The court was correct to apply Rule 82(b)(1) instead of the rule's divorce exception.

Donald also argues that if Rule 82 applies, the court erred by finding that Erin was the prevailing party. He argues that even though she prevailed on the central issue — whether he should pay her more in child support — they both prevailed on "significant" issues and, furthermore, that "Erin's position on some issues can be considered dishonest," making an award of attorney's fees inappropriate.

We see no abuse of discretion. As Donald points out, we have affirmed a denial of Rule 82 fees in a child support dispute when both sides prevailed on significant issues and one party engaged in past "dishonesty and sharp litigation practices."[33] But while the superior court in this case acknowledged Donald's success on certain

---

situations and earning power' . . . rather than prevailing party status" (quoting *Kowalski v. Kowalski*, 806 P.2d 1368, 1372 (Alaska 1991))).

[31]    *Sanders v. Barth*, 12 P.3d 766, 768 (Alaska 2000) (emphases added).

[32]    *See, e.g.*, *Fredrickson*, 426 P.3d at 1065 (refusing to apply the divorce exception "because the case was 'strictly about money' " and parties were litigating child support issues nearly seven years after their separation (quoting *Sanders*, 12 P.3d at 769)).

[33]    *Hixson v. Sarkesian*, 66 P.3d 753, 762 (Alaska 2003).

"sub-issues," it found that the net result — "that Donald owes an additional significant sum of child support" — meant that Erin was the prevailing party. This is clearly supported by the record. And the court took into account Donald's allegations about Erin's bad faith conduct; it reduced the award by a third because of her failure to report her own disability benefits as income. Although Donald makes other general complaints about Erin's litigation conduct, none of them are specific enough or well enough supported to convince us that the superior court abused its discretion in its attorney's fees award.

## V.    CONCLUSION

We AFFIRM the superior court's corrected child support orders and its award of attorney's fees.